SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Case No. C 10-4234 EDL<br><br>**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Implicit Networks, Inc. ("Implicit" or "Plaintiff") hereby files its complaint against defendant Juniper Networks, Inc. ("Juniper" or "Defendant"), for patent infringement.  For its complaint, Plaintiff alleges, on personal knowledge as to its own acts and on information and belief as to all other matters, as follows:

**PARTIES**

1.      Implicit is a corporation organized under the laws of the State of Washington, with its principal place of business in Seattle, Washington.

2.      Juniper is a corporation organized under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California.

**JURISDICTION AND VENUE**

3.      This complaint asserts a cause of action for patent infringement under the Patent Act, 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. § 1338(a).  Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), in that Juniper may be found in this district, have committed acts of infringement in this district, and a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in this district.

4.      This Court has personal jurisdiction over Juniper because Defendant has a place of business in, and provides infringing products and services in, the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

5.      Pursuant to Civil LR 3-2(c), this case should be subject to district-wide assignment because it is an Intellectual Property Action.

## COUNT I

## PATENT INTRINGEMENT

6.      On September 30, 2003, United States Patent No. 6,629,163 ("the '163 patent") entitled "Method and System for Demultiplexing a First Sequence of Packet Components to Identify Specific Components Wherein Subsequent Components are Processed Without Re-Identifying Components" was duly and legally issued.  A true and correct copy of the '163 patent is attached as Exhibit A.  On June 22, 2010, an Ex Parte Reexamination Certificate was duly and legally issued.   A true and correct copy of the Reexamination Certificate is attached as Exhibit B.

7.       On May 4, 2010, a continuation patent was issued, United States Patent No. 7,711,857 ("the '857 patent") entitled "Method and System for Data Demultiplexing" was duly and legally issued.  A true and correct copy of the '857 patent is attached as Exhibit C.

8.      Edward Balassanian is the sole inventor of the '163 and '857 patents (collectively "Patents-in-Suit").  The Patents-in-Suit have been assigned to Plaintiff.  Plaintiff Implicit is the sole legal and rightful owner of the Patents-in-Suit.

9.      Juniper makes, uses, and sells many products including its infringing Junos operating system ("Junos OS").  Juniper makes, uses, and sells products that infringe the Patents-in-Suit, such products including without limitation, the following Juniper Networks' products: EX Series Ethernet Switches, J Series Services Routers, JCS1200 Control System, LN1000 Mobile Secure Router, M Series Multiservice Edge Routers, MX Series 3D Universal Edge Routers, SRX Series Services Gateways, and T Series Core Routers.  In addition, Juniper has infringed and is still infringing the Patents-in-Suit patents in this country, through, *inter alia*, its active inducement of others to make, use, and/or sell the systems, products and methods claimed in one or more claims of the patents.  In addition,

Juniper has infringed and is still infringing these patents in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the patents.  Juniper has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes these patents.

10.     As a result of the infringement by Juniper, Plaintiff has been damaged, and will continue to be damaged, until this Defendant is enjoined from further acts of infringement.

11.     Juniper will continue to infringe unless enjoined by this Court.  Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from infringement for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for entry of judgment:

A.     that the Patents-in-Suit patent is valid and enforceable;

B.     that Defendant has infringed one or more claims of the Patents-in-Suit patent;

C.     that Defendant account for and pay to Plaintiff all damages caused by the infringement of the Patents-in-Suit patents, which by statute can be no less than a reasonable royalty;

D.     that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendant's infringement of the Patents-in-Suit patent;

E.      that this Court issue a preliminary and final injunction enjoining Juniper, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that Juniper and such other persons be permanently enjoined and restrained from further infringing the Patents-in-Suit;

F.      that this Court require Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

G.      that this be adjudged an exceptional case and the Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

H.      that this Court award Plaintiff its costs and disbursements in this civil action, including reasonable attorney's fees; and

I.      that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Dated:  September 20, 2010                    Respectfully submitted,


                                              _____
                                              SPENCER HOSIE (CA Bar No. 101777)
                                              shosie@hosielaw.com
                                              BRUCE WECKER (CA Bar No. 078530)
                                              bwecker@hosielaw.com
                                              GEORGE F. BISHOP (CA Bar No. 89205)
                                              gbishop@hosielaw.com
                                              DIANE S. RICE (CA Bar No. 118303)
                                              drice@hosielaw.com
                                              HOSIE RICE LLP
                                              188 The Embarcadero, Suite 750
                                              San Francisco, CA 94105
                                              (415) 247-6000 Tel.
                                              (415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

## **DEMAND FOR JURY TRIAL**

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated:  September 20, 2010                    Respectfully submitted,


_____
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*