IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
(mchu@irell.com)
Jonathan S. Kagan (SBN 166039)
(jkagan@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

David C. McPhie (SBN 231520)
(dmcphie@irell.com)
Rebecca L. Clifford (SBN 254105)
(rclifford@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

Attorneys for Defendant
JUNIPER NETWORKS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | Case No. 3:10-cv-4234-SI |
| Plaintiff, | **JUNIPER NETWORKS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | Date:            January 14, 2011 |
| | Time:            9:30 a.m. |
| | Courtroom:       10 |
| | Action filed:   September 20, 2010 |

1       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on January 14, 2011, at 9:30 a.m., or as soon thereafter as

3 counsel may be heard, in Courtroom 10 of the United States District Court for the Northern

4 District of California, San Francisco Division, located at 450 Golden Gate Avenue, 19th Floor,

5 San Francisco, California, Defendant Juniper Networks, Inc. ("Juniper") will and hereby does

6 move, under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the

7 complaint of Plaintiff Implicit Networks, Inc. ("INI") for failure to state a claim upon which relief

8 can be granted.

9       Juniper's Motion to Dismiss is based on this Notice, the Memorandum of Points and

10 Authorities, all pleadings, papers, and records on file in this action, such matters of which this

11 Court may take judicial notice (including the documents attached to the contemporaneously filed

12 Request for Judicial Notice), and such oral argument and other evidence which may be submitted

13 to the Court at any hearing on this matter.

14 Dated:  November 12, 2010                   IRELL & MANELLA LLP

15                                       Morgan Chu

16                                         Jonathan S. Kagan
                                        David C. McPhie

17                                         Rebecca Clifford

18                                */s/ David C. McPhie*

19                                       David C. McPhie
                                      Attorneys for Defendant
                                      JUNIPER NETWORKS, INC.

20

21

22

23

24

25

26

27

28

2338132              MOTION TO DISMISS
             FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)       Case No. C 10-4234 SI

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3    Plaintiff Implicit Networks, Inc. ("INI") is a frequent visitor to this Court, having filed

4  over seven related patent infringement suits in the last two years alone.  INI filed its most recent

5  round of lawsuits (four complaints) within a 25-day period in July and August of this year.[1]  Three

6  months after this flurry of filing activity, INI took one of its recent complaints, replaced the

7  defendant with the name Juniper Networks, Inc. ("Juniper"), and launched the instant lawsuit

8  against Juniper.

9    A review of INI's complaint against Juniper ("Complaint") demonstrates that it is nothing

10  more than a repackaged copy of INI's earlier lawsuits against other defendants, and that it contains

11  no specific allegations relating to Juniper's products.[2]  The Complaint is just eleven paragraphs

12  long and INI's core infringement allegations are contained entirely in a single paragraph

13  (Paragraph 9).  But this lone paragraph on infringement is devoid of any factual allegations

14  regarding the allegedly infringing Juniper products.  Rather, the paragraph merely provides an

15  indeterminate list of allegedly infringing Juniper products with a cursory allegation that Juniper is

16  liable for direct, induced, and contributory infringement.  Under *prior* law, this threadbare recital

17  might have satisfied the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

18  However, recent changes in the law have made clear that this type of cursory pleading does not

19  satisfy the minimum standards required to state a claim under Rule 8.

20    The Supreme Court explicitly articulated a more stringent "two-pronged approach" to Rule

21  8 in a case decided just last year:  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  As explained in

22  *Iqbal*, courts using the new two-pronged approach to evaluate whether a complaint satisfies Rule 8

23  must:

24

25

26  _____

[1] *See* Request for Judicial Notice ("RJN"), Exs. A-D.

27  [2] *See* RJN Ex. B (substantially identical complaint against Cisco), Ex. D (substantially
identical complaint against Citrix); *see also id.* Ex. C (substantially identical complaint against
28  Hewlett-Packard, but adding allegations for other patents).

1.     Identify whether the complaint is supported by relevant "well-pleaded fact[s]" as opposed to "mere conclusory statements" or "legal conclusions."

2.     Evaluate whether the "well-pleaded fact[s]," if taken as true, allow the court to draw a "reasonable inference" of liability by "plausibly suggest[ing]" entitlement to the requested relief.

*Id.* at 1949-50. The Supreme Court emphasized that this proper understanding and application of Rule 8 would ensure that courts would not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

INI's Complaint plainly fails to state a claim for infringement under the new *Iqbal* standard. The allegations of the Complaint are a repeated set of "mere conclusory statements" that Juniper "has infringed and is still infringing" INI's patent rights; INI does not plead any facts relating to the allegedly infringing products. The Complaint, therefore, cannot satisfy the first prong of the *Iqbal* test. Moreover, even if the Court were to find that INI had alleged any well-pleaded facts in its Complaint, there is nothing in these allegations that "plausibly suggests" as a factual matter that Juniper is liable for infringement. At most, INI's Complaint avers that INI owns patents and that Juniper sells products—a set of circumstances that, even if understood as "consistent" with the "sheer possibility that [Juniper] has acted unlawfully," falls well short of the "plausibility" standard mandated under the second prong of *Iqbal*. *Id.* at 1949.

In light of the extraordinary costs of modern patent litigation and the significant burdens that even meritless cases pose for an already overburdened judicial system, it is more important than ever that courts carefully enforce the gatekeeping function of Rule 8 as the Supreme Court has mandated. Because INI has plainly failed to satisfy the minimum requirements of Rule 8 here, the Court should dismiss INI's Complaint for failure to state a claim upon which relief can be granted.

1

## **ARGUMENT**

2      Although the bare-bones infringement allegations set forth in INI's Complaint are not

3  altogether clear, they appear intended to include discrete accusations of (1) direct infringement, (2)

4  induced infringement, and (3) contributory infringement.  As shown below, each of these theories

5  pled in INI's Complaint independently fails to satisfy the *Iqbal* standard.

6      **1.    INI's Claims for Direct Infringement**

7      INI's allegations regarding direct infringement provide as follows:

8
9
10
11
12
13

> Juniper makes, uses, and sells ***many products*** including its
> infringing Junos operating system ("Junos OS").  Juniper makes,
> uses, and sells products that infringe the Patents-in-Suit, such
> products ***including without limitation***, the following Juniper
> Networks' products: EX Series Ethernet Switches, J Series Services
> Routers, JCS1200 Control System, LN1000 Mobile Secure Router,
> M Series Multiservice Edge Routers, MX Series 3D Universal Edge
> Routers, SRX Series Services Gateways, and T Series Core Routers.

14  Complaint ¶ 9 (emphasis added).  The crux of these allegations is that Juniper "makes, uses, and

15  sells" an unspecified number of "infringing" products.  This is, of course, precisely the type of

16  conclusory statement that is not credited with any weight under the first prong of *Iqbal*.  Indeed, as

17  the Supreme Court has observed, if courts were to credit such legal conclusions at the pleading

18  stage, then in practically every case the plaintiff could claim to have trivially "stated a claim for

19  relief and [was therefore] entitled to proceed perforce"—an approach that *Iqbal* squarely rejects.

20  *Iqbal*, 129 S. Ct. at 1950.

21      Furthermore, even if INI's allegations were read as a factual statement that Juniper makes,

22  uses, and sells "many products" (including, "without limitation," a number of listed examples),

23  such a statement would not reasonably lead to a "plausible inference" that Juniper is liable for

24  patent infringement under the second prong of *Iqbal*.  That is because there is nothing about

25  Juniper's act of selling products that would "inherently suggest" infringement, much less

26  infringement of the particular patents cited in the Complaint.  *See Robinett v. Correctional*

27  *Training Facility*, 2010 U.S. Dist. LEXIS 76327, *9 (N.D. Cal. July 20, 2010) (Illston, J.)

28

- 3 -

2338132

1  (dismissing complaint under *Iqbal* where ladderless bunk bed cited in inmate's complaint failed to

2  "inherently suggest danger").

3      By failing to allege facts carrying any indicia of infringement, INI's Complaint fails to

4  even satisfy the basic standards set forth in form patent complaint appended to the Federal Rules

5  of Civil Procedure.  *See* Fed. R. Civ. P. Form 18; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d

6  1354, 1356-57 (Fed. Cir. 2007) (referring to illustrative forms appended to the Federal Rules in

7  connection with Rule 8 analysis).[3]  Form 18 includes specific exemplary language describing the

8  nature of the invention as claimed in the asserted patent ("an invention in an ***electric motor***") and

9  then points to products that fall within the scope of the invention as so characterized ("has

10  infringed . . . by making, selling, and using ***electric motors***").  Fed. R. Civ. P. Form 18 (emphasis

11  added).  By contrast, INI's Complaint contains neither a description of the nature of the purported

12  invention of the patents-in-suit, nor any reference as to why Juniper products might be considered

13  to fall within the scope of those purported inventions as claimed in the patents.  This is improper.

14  As one recent Northern District of California case has explained, Rule 8 requires in a patent case

15  that the plaintiff allege, "***at a minimum***, a brief description of ***what the patent at issue does***, and

16  an allegation that certain named and specifically ***identified products or product components also***

17  ***do what the patent does***, thereby raising a plausible claim that the named products are infringing."

18  *Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, *19 (N.D. Cal. Mar. 11, 2010)

19  (emphasis added).

20      Although deficient in other respects, the complaint in the related *Implicit Networks v. F5*

21  *Networks, Inc.* case demonstrates that INI has previously acknowledged the necessity of

22  attempting to plead a description of the alleged invention, paired with allegedly relevant aspects of

23  the accused products.  *See* RJN Ex. A ("F5 Complaint").  The F5 Complaint is over four times the

24  length of INI's Complaint against Juniper and contains a description of the technical problem that

25  INI allegedly faced (*id.* ¶¶ 7-10), an initial alleged solution to the problem called "vertical

26  application" (*id.* ¶¶ 11-13), and a description of INI's allegedly improved solution to that problem

27

28  _____
    **[3]** Note that the Federal Circuit appears to have applied a more lenient standard in *McZeal*
    because the plaintiff in that case (unlike INI) was a *pro se* litigant.  *McZeal*, 501 F.3d at 1356.

1   (*id.* ¶¶ 14-22).   The F5 Complaint includes graphics to elaborate on the operation of the alleged

2   invention.  *Id.* ¶ 23.  The F5 Complaint even provides a description of allegedly relevant aspects of

3   the accused F5 products in that case.  *Id.* ¶ 26.  No corresponding material is included in INI's

4   Complaint against Juniper.

5           By failing to provide even a minimal allegation of correlation between INI's claimed

6   inventions and any actions by Juniper, INI has done nothing to "nudge[] its claims" of patent

7   infringement "across the line from conceivable to plausible."  *Bell Atlantic Corp. v. Twombly*, 550

8   U.S. 544, 570 (2007).  Indeed, without a well-pleaded, factually based allegation of correlation,

9   INI has at most suggested that Juniper's conduct is "merely consistent with" an allegation of

10  infringement—a suggestion that no more passes muster under Rule 8 in a patent infringement case

11  than would allegations of disparate-impact law enforcement procedures in connection with an

12  unlawful discrimination claim, or allegations of parallel conduct by competitors in connection

13  with an alleged antitrust violation.  *Iqbal*, 129 S. Ct. 1937, 1949-51; *Twombly*, 550 U.S. at 565-

14  566; *see also Robinett*, 2010 U.S. Dist. LEXIS 76327 at *8, *10-*11 ("plausible showing" must

15  account for "more likely and non-discriminatory explanations" of facts alleged; plaintiff must

16  "link" alleged actions with causes of action).

17          INI's direct infringement allegations are defective for a number of additional reasons.  For

18  example, they purport to provide an indefinite list of accused Juniper products ("many products

19  . . . including without limitation . . ."), making it impossible for Juniper to be on fair notice of the

20  scope of alleged infringement.  *See Bender v. Motorola, Inc.*, 2010 U.S. Dist. LEXIS 26076, *6-*7

21  (N.D. Cal. Feb. 26, 2010) (dismissing direct infringement claims as "too conclusory to provide fair

22  notice" where list of accused products was "*without limitation*") (emphasis in original); *Elan*

23  *Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 83715, *4-*5 (N.D. Cal. Sept. 14,

24  2009) (dismissing direct infringement claims against "touch sensitive input devices or touchpads,

25  including but not limited to the Smart-Pad"; "this pleading plainly falls within the prohibition

26  against threadbare recitals of the elements of a cause of action").  INI's claims of direct

27  infringement even fail to allege the basic requirement that the Juniper's supposedly infringing

28  conduct took place within the United States.  *Bender v. Nokia* Inc., 2009 U.S. Dist. LEXIS 92482,

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. C 10-4234 SI

2338132

1    *3 & n.4 (N.D. Cal. Oct. 2, 2009) (granting motion to dismiss "for failure to allege infringing

2    activity within the United States"); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009

3    U.S. Dist. LEXIS 57953, *4 & n.2 (N.D. Cal. July 8, 2009) (same).   Accordingly, the Court

4    should dismiss these claims as defective under Rule 8.

5        **2.    INI's Claims for Induced Infringement**

6        INI's allegations regarding induced infringement provide as follows:

7            In addition, Juniper has infringed and is still infringing the Patents-
8            in-Suit patents in this country, through, *inter alia*, its active
             inducement of others to make, use, and/or sell the systems, products
9            and methods claimed in one or more claims of the patents.

10   Complaint ¶ 9.   Virtually all of the deficiencies set forth above apply equally to these induced

11   infringement claims.[4]   Indeed, if anything, these claims fall even further short of the *Iqbal*

12   standard.

13       For example, when stripped of legal conclusions and conclusory statements (as required

14   under the first prong of *Iqbal*), it is apparent that INI's induced infringement allegation includes

15   no actual facts regarding alleged conduct by Juniper.   All that INI alleges is that Juniper "has

16   infringed and is still infringing . . . through . . . its active inducement of others . . . ."   *Id.*   Thus,

17   there is literally no factual explanation as to what Juniper is alleged to have done to induce others

18   to commit infringing acts; INI's claim is merely a "naked assertion[] devoid of further factual

19   enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted); *see also Duhn Oil Tool, Inc. v.*

20   *Cooper Cameron Corp.*, 2010 U.S. Dist. LEXIS 57461, *15 (E.D. Cal. June 9, 2010) (granting

21   motion to dismiss; claims must "allege the specific conduct by [defendant] which invites third

22   parties to directly infringe").

23       Similarly, INI's allegations provide no well-pleaded facts regarding any alleged direct

24   infringement by others (which is a prerequisite to any indirect infringement claim).   *Joy Techs,*

25   *Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of

26   infringement or for contributory infringement is dependent upon the existence of direct

27   _____

28       [4] The indirect infringement allegations do at least state that the alleged induced
     infringement occurred "in this country."  Complaint ¶ 9.

infringement.").  Here, the Complaint merely makes reference to unnamed "others" who perform some undetermined combination of "mak[ing], us[ing], and/or sell[ing]."  Complaint ¶ 9; *see Duhn Oil*, 2010 U.S. Dist. LEXIS 57461 at *15 (granting motion to dismiss; claims "shall identify any such third party infringers . . . and how that infringement is or was accomplished").  There is no well-pleaded factual allegation as to how these third-party acts are allegedly performed or even which of the patents-in-suit they allegedly infringe (or both).  *Motorola,* 2010 U.S. Dist. LEXIS 26076 at *10 (dismissing induced infringement claim based on "conclusory, fact-barren allegation" that that defendant "performed acts . . . that infringe and *induce others to infringe*") (emphasis in original); *Realtime Data, LLC v. Morgan Stanley & Co.*, 2010 WL 2403779, *1 (E.D. Tex. June 10, 2010) (granting motion to dismiss where plaintiff failed to "identify a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit"); *Bedrock Computer Techs, LLC v. SoftLayer Techs., Inc.*, 2010 U.S. Dist. LEXIS 62711, *11-*12 (E.D. Tex. Mar. 29, 2010) (same).  Indeed, INI's inducement allegations fail to mention any specific products, systems, or methods at all (let alone any Juniper products, systems, or methods).  *Id.* at *8 (dismissing for failure to "actually identif[y] specific accused devices").

A claim for induced infringement also requires an allegation of specific intent to infringe. *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F. 3d 1293, 1306 (Fed. Cir. 2006) ("inducement requires that the alleged infringer . . . possessed specific intent to encourage another's infringement").  No such allegation is included in INI's Complaint.  *Halton Co. v. Streivor, Inc.*, 2010 U.S. Dist. LEXIS 50649, *5 (N.D. Cal. May 21, 2010) (dismissing induced infringement claims where there was "no mention of any specific intent to encourage another's infringement").

INI's inducement claims therefore fail to satisfy Rule 8, and likewise should be dismissed.

**3.      INI's Claims for Contributory Infringement**

Finally, INI's allegations regarding contributory infringement provide as follows:

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. C 10-4234 SI

2338132

1

2

3

4

5

6

> Juniper has infringed and is still infringing these patents in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the patents. Juniper has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes these patents.

7

8

9

10

11

12

13

14

15

16

17

18

19

Complaint ¶ 9.   Once again, these allegations are nothing more than a "formulaic recitation of the elements of a cause of action" that cannot satisfy Rule 8 under Supreme Court law.  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S., at 555).  Thus, INI claims that unnamed Juniper goods and services "constitute a material part of the invention" (a verbatim quote of 35 U.S.C. § 271(c)) and "not staple articles of commerce" (another verbatim quote), that they "have no use other than infringing" (the statute says no "substantial noninfringing use"), and that Juniper "know[s] that [they] are specially made for use in a manner that directly infringes" (again, a paraphrase of "knowing the same to be especially made . . . for use in an infringement" from § 271(c)).  *See* Complaint ¶ 9.   None of these legal conclusions survives application of the first prong of *Iqbal*. Nor does the statement that "Juniper has infringed and is still infringing these patents . . . ."  *Id.* At most, all INI has alleged here is that Juniper is "providing and selling goods and services including products . . . ."  *Id.*  This amorphous allegation does nothing to remotely suggest a plausible claim of patent infringement under *Iqbal*.

20

21

22

23

24

25

        Like INI's deficient inducement claims, the contributory claims fail to articulate any well-pleaded facts regarding direct infringement by third parties.  There is no mention of any particular devices, methods, or systems.  Except for the fact that INI has alleged that Juniper's acts of contributory infringement occurred "in this country," all of the deficiencies of INI's direct infringement claims apply equally here.  Accordingly, INI's claims for contributory infringement should also be dismissed.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

Case No. C 10-4234 SI

2338132

## <u>CONCLUSION</u>

INI has not presented a sufficient basis in its Complaint for the Court to "unlock the doors of discovery" as to yet another INI defendant. *Iqbal*, 129 S. Ct. at 1950.  Because INI's Complaint fails to provide any well-pleaded facts that could plausibly show entitlement to relief for claims of infringement against Juniper, the Court should dismiss this case under Rule 12(b)(6) for failure to state a claim.


Dated:  November 12, 2010                                    IRELL & MANELLA LLP
                                                                           Morgan Chu
                                                                           Jonathan S. Kagan
                                                                           David C. McPhie
                                                                           Rebecca Clifford


                                                                              */s/ David C. McPhie*
                                                                           David C. McPhie
                                                                           Attorneys for Defendant
                                                                           JUNIPER NETWORKS, INC.