1  IRELL & MANELLA LLP
   Morgan Chu (SBN 70446)
2  (mchu@irell.com)
   Jonathan S. Kagan (SBN 166039)
3  (jkagan@irell.com)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
5  Facsimile:  (310) 203-7199

6  David C. McPhie (SBN 231520)
   (dmcphie@irell.com)
7  Douglas J. Dixon (SBN 275389)
   (nhefazi@irell.com)
8  840 Newport Center Drive, Suite 400
   Newport Beach, California 92660-6324
9  Telephone:  (949) 760-0991
   Facsimile:  (949) 760-5200

10
   *Attorneys for Defendant*
11 *JUNIPER NETWORKS, INC.*

12 [ADDITIONAL SIGNATURES]

13
                **UNITED STATES DISTRICT COURT**
14            **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN FRANCISCO DIVISION**
15
   IMPLICIT NETWORKS, INC.,           )  Case No. 3:10-cv-4234-SI
16                                     )
            Plaintiff,                 )  **JOINT STATEMENT REGARDING**
17                                     )  **JUNIPER'S MOTION TO COMPEL**
        v.                             )  **IMPLICIT TO COMPLY WITH COURT**
18                                     )  **ORDER OF MARCH 12, 2012,**
   JUNIPER NETWORKS, INC.,             )  **REGARDING SOURCE CODE**
19                                     )  **CITATIONS FOR INFRINGEMENT**
            Defendant.                 )  **CONTENTIONS**
20 ————————————————————————            )
                                          Action filed:   September 20, 2010
21

22

23

24

25

26

27

28

_____
JOINT STATEMENT REGARDING JUNIPER'S MOTION TO COMPEL IMPLICIT
TO COMPLY WITH COURT ORDER OF MARCH 12, 2012, REGARDING SOURCE CODE
CITATIONS FOR INFRINGEMENT CONTENTIONS

### A.    Relief Requested

Juniper Networks, Inc. ("Juniper"), moves the Court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling Implicit Networks, Inc. ("Implicit"):

1. To provide Juniper with a revised set of supplemental infringement contentions with pinpoint citations to Juniper's code that support the allegations in Implicit's claim charts for each limitation of the asserted claims;

2. To remove all new matter from its supplemental infringement contentions other than the addition of these pinpoint citations; and

3. To reimburse Juniper for the fees and costs associated with this motion.

### B.    Juniper's Position

#### 1.    Factual and Procedural Background

On November 15, 2011, by agreement of the parties, Implicit served a set of patent infringement contentions and claim charts ("PICs") for the Juniper accused products. These PICs set forth Implicit's theories of infringement by citing publicly available technical documents for Juniper products. Because the Juniper source code had been made available to Implicit for inspection only a couple of months earlier, Implicit had not yet had time to fully review that code and incorporate its analysis into the PICs. Thus, months later, after Implicit had reasonable opportunity to conduct this analysis, Juniper requested that Implicit provide a date certain by which it would supplement its PICs with pinpoint citations to the code that allegedly supported the infringement theories set forth in its PICs. Implicit refused to do this. Accordingly, the parties brought the matter before the Court, with Juniper describing the relief it sought as follows:

> "[A]n order compelling [Implicit] to . . . [p]rovide infringement contentions with pinpoint citations to Juniper's source code ***supporting*** its allegations regarding the alleged location of ***each limitation of the asserted claims***, pursuant to Patent Local 3-1(c)."

Dkt No. 64 at 1. On March 12, 2012, the Court granted Juniper's motion and ordered Implicit to provide this information no later than May 4, 2012.

On May 4, 2012, Implicit indeed served a revised set of PICs ("Amended PICs"), but they did not include the Court-ordered pinpoint citations supporting the allegations for "each limitation" in its earlier PICs. In fact, Implicit made no supplementation whatsoever to the

- 1 -

theories of infringement set forth in its original PICs; not a single one of the claim limitation disclosures it had previously provided was now supported by a pinpoint citation to Juniper code in the Amended PICs.  What Implicit *did* do was insert a *new* row at the top of each claim chart entitled "Overview," which was not associated with any particular claim limitation or cluster of limitations, but instead purported to provide a generalized disclosure of some new Implicit infringement theories (including several source code citations).

   For example, Implicit's earlier PICs for claim 1 of the '163 patent had included a chart that split the language of that claim into eight separate rows, each with a cluster of limitations allegedly supported by citations to certain non-code publications relating to Juniper products. Implicit's Amended PICs—far from providing supporting code citations for "***each* limitation**" in the original PICs—fail to provide code citations for ***any*** of them, as illustrated below:

| '163 patent | November 2011 PICs | | May 2012 Amended PICs | |
|---|---|---|---|---|
| | *non-code cites* | *code cites* | *non-code cites* | *code cites* |
| "Overview" | N/A | N/A | 1 | 47 |
| Claim 1[preamble] | 3 | 0 | 3 | 0 |
| Claim 1[a] | 2 | 0 | 2 | 0 |
| Claim 1[b] | 17 | 0 | 17 | 0 |
| Claim 1[c] | 9 | 0 | 9 | 0 |
| Claim 1[d] | 2 | 0 | 2 | 0 |
| Claim 1[e] | 2 | 0 | 2 | 0 |
| Claim 1[f] | 1 | 0 | 1 | 0 |
| Claim 1[g] | 2 | 0 | 2 | 0 |

   In other words, the claim charts in Implicit's Amended PICs remain **completely unchanged** from what was disclosed in the original PICs, other than the fact that there is an additional (identical) boilerplate "Overview" section at the beginning of each chart.  Implicit's Amended PICs thus fail to disclose how any of the newly disclosed code citations "support Implicit's allegations regarding the alleged location of each limitation of the asserted claims," as required by the Court's order.

           2.    Implicit Must Comply With The Court's Order

   Implicit's continuing refusal to provide supporting code citations for "each limitation" allegedly satisfied in its original PICs has seriously prejudiced Juniper's ability to prepare for expert discovery and dispositive motion practice in this case.  Juniper made its source code

2493383

1  available to Implicit for review for over eight months ago.  Under the Patent Local Rules, after a

2  reasonable opportunity to review this code, Implicit was obligated to provide specific citations to

3  source code to provide meaning and clarity to its infringement contentions.  This is exactly what

4  the Court ordered—and for good reason.  As is often the case in software cases, vague citations to

5  non-source-code documents (such as those in Implicit's original PICs) lack the specificity needed

6  to fully understand a patentee's infringement allegations.[1]  Thus, the Court should (again) order

7  Implicit to provide this necessary detail in the form of supporting code citations for all allegations

8  in its PICs corresponding to each of the asserted claim limitations in this case.

9      By the same token, the Court should order that Implicit's additions are to be ***limited*** to

10  source code citations only, and all other material is to be excluded.  In other words, to the extent

11  that Implicit's Amended PICs are an attempt to ***reinvent*** its infringement theories rather than

12  provide supporting code cites for the ***existing*** theories in its earlier PICs, such an attempt is highly

13  improper at this stage of the case—indeed, it is precisely the type of "shifting sands" approach that

14  the Patent Local Rules were designed to prevent.  *O2 Micro Int'l Ltd. v. Monolithic Power Sys.,*

15  *Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006).  These rules "require parties to crystallize their

16  theories of the case early in the litigation and to adhere to those theories once they have been

17  disclosed."  *Nova Measuring Instruments v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D.

18  Cal. 2006).  The Court's order in response to Implicit's failure to timely provide source code

19  citations was no license to depart from Implicit's earlier crystallized theories of infringement.

20      Finally, because this is the second time that Juniper has had to come to the Court in an

21  attempt to obtain this basic information required under the Patent Local Rules, Juniper respectfully

22  requests that the Court award its fees and costs associated with bringing this second motion.

23

24

25  [1] For example, Implicit has long asserted that limitation [f] from claim 1 of the '163 patent is satisfied by the operation of something known as the "application identification cache."  But

26  because Implicit's Amended PICs fail to provide any supporting source code citation to explain the allegations in its charts, Juniper is still left to guess what Juniper functionality Implicit believes

27  infringes this limitation.  At a minimum, one would expect to find some citation to the Juniper source code files responsible for the "application identification cache" in Implicit's generic

28  "Overview" boilerplate in its Amended PICs.  There is none to be found.

C.      **Implicit's Position**

There is a reason Juniper does not attach Implicit's actual amendment to its brief.  Juniper argues that Implicit's amendment consisted of "a generalized disclosure of some new Implicit infringement theories (including several source code citations)."  Juniper Br. at 2.  Neither criticism is just: the only thing "new" in the contentions are the over 50 specific source code cites and excerpts.  (When did over 50 become several?)

**No Sands Shifted Here**

The substance of the contentions did not change.  For example, the three flow diagrams explained in detail in the amended contentions are the very flow diagrams from the November contentions.  In the amended contentions, Implicit explains each step in these flow diagrams as supported by the source code, just as Juniper insisted.[2]  The level of detail is new, and the code citations new, but the substance the **same**.  If, there were something new here, Juniper would have tattooed it to Implicit's forehead in its brief.  It did not because it could not.

**"Just Several" Source Citations?**

Nor are there just several source citations.  Implicit took the time to write a clear detailed explanation of how Juniper's code supported Implicit's settled contentions.  In a 15 page single space narrative, Implicit walks through each step in Juniper's flow-based processing, with Juniper source cited step-by-step.  It is impossible to read these contentions and not understand Implicit's contentions exactly.  Would that all contentions were so clear.

At bottom, Juniper is really carping about Implicit's **format** – a narrative laying it out and then incorporated by reference thereafter.  But why not this format?  It is coherent and clear.  Claims charts often emphasize quantity over quality, with volumes of pages downloaded and then

---

[2] Juniper's account of its prior motion is inaccurate.  Implicit **agreed** to give Juniper source citations, but the question was **when** – Juniper wanted the amendments essentially immediately and Implicit wanted to conclude its source review first.  This is the dispute that went to this Court.

- 4 -

1   replicated promiscuously over reams of paper.  Implicit here laid its case out clearly and plainly.

2   Prolixity over plain speaking hardly seems a worthy goal.

3          In all of this, one thing is clear: Juniper was certain to complain bitterly no matter what

4   Implicit did; too much, too little, too new, not new enough.  But can it be said that these

5   contentions fail to set forth Implicit's infringement case clearly and precisely?

6
7          Not remotely.

8
    DATED: May 15, 2012                      Respectfully submitted,

9
                                             By:  */s/ David McPhie*
10                                               Morgan Chu (SBN 70446)
                                                 (mchu@irell.com)
11                                               Jonathan S. Kagan (SBN 166039)
                                                 (jkagan@irell.com)
12                                               IRELL & MANELLA LLP
                                                 1800 Avenue of the Stars, Suite 900
13                                               Los Angeles, California 90067-4276
                                                 Telephone:  (310) 277-1010
14                                               Facsimile:  (310) 203-7199

15
                                                 David C. McPhie (SBN 231520)
16                                               (dmcphie@irell.com)
                                                 Nima Hefazi (SBN 272816)
17                                               (nhefazi@irell.com)
                                                 840 Newport Center Drive, Suite 400
18                                               Newport Beach, California 92660-6324
                                                 Telephone:  (949) 760-0991
19                                               Facsimile:  (949) 760-5200

20
                                                 *Attorneys for Defendant*
21                                               *JUNIPER NETWORKS, INC.*

22
23                                           By:  */s/ Spencer Hosie*
                                                 Spencer Hosie (SBN 101777)
24                                               (shosie@hosielaw.com)
                                                 George F. Bishop (SBN 89205)
25                                               (gbishop@hosielaw.com)
                                                 HOSIE RICE LLP
26
27
28
                                     - 5 -

Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, California, 94111
Telephone:  (415) 247-6000
Facsimile:  (415) 247-6001

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

JOINT STATEMENT REGARDING JUNIPER'S MOTION TO COMPEL IMPLICIT
TO COMPLY WITH COURT ORDER OF MARCH 12, 2012, REGARDING SOURCE CODE
CITATIONS FOR INFRINGEMENT CONTENTIONS

2493383

## **CERTIFICATION PURSUANT TO GENERAL ORDER 45**

I hereby attest pursuant to General Order 45X.B, that concurrence in the electronic filing of this document has been obtained from the other signatories.

DATED:  May 15, 2012

*/s/ Nima Hefazi*

Nima Hefazi

2493383