IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER ON DISCOVERY MOTIONS** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court are three discovery motions. The Court will address each in turn.

**1. Implicit's Motion to Compel Juniper to Produce Patent License Discovery**

Implicit asks the Court to order Juniper to identify and produce patent licenses covered by Interrogatory No. 9 as well as Requests for Production Nos. 10 and 23 which cover all licences ("in" and "out" and "cross") regarding computer networking technology. Docket No. 85. Implicit argues that Juniper has failed to agree or disagree to Implicit's requests, and that Juniper's responses to date about whether they have fully complied with the requests have been ambiguous. *Id.* Juniper responds that Implicit's motion is moot and contends that it has fully complied with Implicit's requests by providing all inbound, outbound or cross licenses, whether entered in connection with litigation or not, covering networking technology. Docket No. 87. Implicit has not responded to Juniper's contentions and, therefore, the Court DENIES Implicit's motion to compel as moot.

**2. Juniper's Motion to Compel Implicit to Produce Patent License Discovery**

In its motion to compel, Juniper asks the Court to order Implicit to identify: (1) all licensees

and other entities alleged to have made any embodiment of the patent-in-suit; (2) the alleged embodiments; (3) claim charts for the alleged embodiments to the extent Implicit can, based on public information; and (4) facts regarding the sales volumes and other information for the alleged embodiments to the extent Implicit can, based on public information. Docket No. 81. Juniper also wants the Court to order Implicit to produce *all* documents regarding its licenses, including all communications with actual or potential licensees and draft licenses. *Id*.

As to the discovery aimed at requiring Implicit to identify and disclose documents regarding its knowledge of other "alleged embodiments," the Court finds the discovery overbroad and unduly burdensome and DENIES the motion to compel without prejudice. If Juniper demonstrates a particular need for information regarding a specific alleged embodiment or alleged embodiments made by a particular manufacturer, the Court will reconsider its motion in that context.

With respect to the second issue, Implicit responds that it has already provided all of the licenses themselves, but objects to producing documents regarding the negotiations and drafting of licenses because that information is settlement and negotiation information protected by FRE 408. Both parties rely on *In re MSTG, Inc*., 2012 U.S. App. LEXIS 7092 (Fed. Cir. Apr. 9, 2012). In that case, the Federal Circuit found that Rule 408 did not protect settlement discussions from discovery, and held that "settlement negotiations related to reasonable royalties and damage calculations are not protected by a settlement negotiation privilege." *Id.*, at *27; *see also Matsushita Elec. Indus. Co. v. Mediatek, Inc*., 2007 U.S. Dist. LEXIS 27437 (N.D. Cal. Mar. 30, 2007) (rejecting existence of federal settlement privilege and ordering documents regarding the licensing of, and the negotiations regarding the licensing of, the patents-in-suit).

The *MSTG* Court, however, recognized "that courts have imposed heightened standards for discovery in order to protect confidential settlement discussions" where necessary. *Id*., at *25-26. In *MSTG*, the Court found that plaintiff had put not only its licenses but also its settlement negotiations directly in dispute by having its expert opine that the licenses did not fully represent a reasonably royalty and were based in part on other business decisions. *Id*., *28-29. In light of the expert's report and testimony, the Federal Circuit found that the district court did not abuse its discretion in ordering the production of discovery related to the licenses and settlement negotiations. Here, Implicit has *not* put

its negotiations of the licenses in dispute. At this juncture therefore, and in light of the special concerns surrounding the disclosure of settlement negotiation information, the Court DENIES the motion to compel without prejudice.

Juniper's motion to compel production of discovery regarding Implicit's licenses and negotiations, therefore, is DENIED without prejudice.

### 3. Implicit's Motion to Compel a Further Answer to Interrogatory No. 3

Implicit also moves to compel Juniper to provide a further answer to Interrogatory No. 3, which asks Juniper to set forth its non-infringement contentions and provide a chart setting forth its contentions on an element by element basis. Docket No. 86. Implicit filed this motion by unilateral letter brief on May, 30, 2012. Juniper has not, as of this date, filed a responsive letter brief. Implicit notes that the parties' have been pursuing this issue since March 2011, and that after Implicit submitted its latest round of revisions to its amended infringement contentions, Juniper promised it would provide the awaited further response regarding its non-infringement contentions on May 25, 2012. Now, Implicit argues that the May 25, 2012, production is insufficient, as it is only a two-page response – without charts – which essentially argues that Implicit has failed to prove infringement. *See* Docket No. 86-2 at pgs. 9-12. the Court has reviewed the May 25, 2012 supplemental response and finds it insufficient. Accordingly, Implicit's motion is GRANTED and **Juniper is ORDERED to provide a full response and chart(s) for Interrogatory No. 3 no later than June 12, 2012.**

**IT IS SO ORDERED.**

Dated: June 5, 2012

SUSAN ILLSTON
United States District Judge