United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER ON REQUEST FOR ADDITIONAL TIME AND CROSS MOTION TO COMPEL** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court is Juniper's request for additional time to provide its response to Interrogatory No. 3, which the Court ordered Juniper to provide on or before June 12, 2012. Docket No. 89; *see also* May 23, 2012 Order. Juniper also moves to compel Implicit to provide an answer to Juniper's Interrogatory No. 18, which asks Implicit to describe and provide charts explaining why it believes that each prior art reference and combination Juniper identified in its invalidity contentions and requests for reexamination does not disclose each claim element at issue. Docket No. 90.

In Juniper's first request, Juniper asks to be given fifteen days after Implicit serves its final set of infringement contentions and claim charts with source code citations (which are due on June 7, 2012) to provide its substantive non-infringement contentions and chart(s) in response to Implicit's Interrogatory No. 3. Juniper argues it should not be required to provide detailed non-infringement contentions until well-after Implicit provides the infringement contentions with source code citations. However, as noted in the Court's May 23, 2012 Order, the Court found that Implicit's "amended PICs – as supported by code citations – provide[d] a good overview of its infringement contentions," questioned the utility of adding the source code citations on a claim by claim basis but nonetheless ordered them to be provided while limiting Implicit's ability to add any new material into the amended

PICs. *See* Docket No. 84. In light of that context, the Court does not see a reason why Juniper would need additional time to provide a full response to Interrogatory No. 3. Juniper's request is DENIED.

With respect to Juniper's motion to compel Implicit to provide a response to its Interrogatory No. 18, the Court finds that Interrogatory unduly burdensome and DENIES Juniper's motion. As Implicit pointed out in its response and objection, hundreds of prior art references and combinations have been referenced. Requiring Implicit to provide responses and charts identifying why each of hundreds of references or combinations do not disclose each asserted patent claim element is a Herculean task with limited utility. Moreover, unlike the non-infringement contentions required from Juniper – which hinge on Juniper's insight into and understanding of the functionality of its own products – neither side has a better understanding of how or whether the prior art references and combinations asserted by Juniper disclose each of the claim elements at issue here.

**IT IS SO ORDERED.**

Dated: June 6, 2012

SUSAN ILLSTON
United States District Judge