IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
(mchu@irell.com)
Jonathan S. Kagan (SBN 166039)
(jkagan@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

David C. McPhie (SBN 231520)
(dmcphie@irell.com)
Douglas J. Dixon (SBN 275389)
(ddixon@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

*Attorneys for Defendant*
*JUNIPER NETWORKS, INC.*

*Additional attorneys listed on signature page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | Case No. 3:10-cv-4234-SI |
| Plaintiff, | **JUNIPER'S OPPOSITION TO PLAINTIFF IMPLICIT NETWORKS, INC.'S MOTION FOR A PROTECTIVE ORDER AND 30 DAY DISCOVERY EXTENSION** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | Action filed:   September 20, 2010 |

2493383

**JUNIPER'S OPPOSITION TO PLAINTIFF IMPLICIT NETWORKS, INC.'S MOTION FOR A PROTECTIVE ORDER AND 30 DAY DISCOVERY EXTENSION**

1   In its most recent discovery motion (Dkt. No. 95), Plaintiff Implicit Networks, Inc.

2   ("Implicit") seeks the following relief against Juniper:

3       1.    A protective order relieving Implicit from responding to Juniper's Third Set
    of Interrogatories (which, in fact, is only one interrogatory);

4

5       2.    A protective order limiting the combined length of the Rule 30(b)(6)
    deposition of Implicit on topics specific to Juniper and the individual
    deposition of the named inventor on Implicit's patents, Edward Balassanian,

6                 to a total of two hours and twenty minutes (instead of seven hours); and

7       3.    An order extending all fact and expert discovery deadlines by 30 days.

8   Juniper has attempted to work with Implicit to address its concerns about discovery—and

9   it remains willing to do so—but there is clearly no reason for the Court to impose Implicit's

10  proposed sweeping changes to the limitations imposed by the Federal Rules of Civil Procedure

11  and this Court's prior scheduling order.

12  **1. Juniper's Third Set of Interrogatories**

13  Implicit's claim for relief from Juniper's Third Set of Interrogatories is based on a vague

14  claim of undue burden.  But this "set" of interrogatories is really just a single interrogatory—a

15  contention interrogatory requesting explanation of one specific, focused aspect of Implicit's

16  infringement claims (*i.e.*, the "first packet" limitation).  *See* Ex. A.  Implicit does not base its

17  undue burden argument on the substance this interrogatory, nor does Implicit contend it was

18  untimely served under the discovery schedule.  Therefore, it is not apparent on what ground

19  Implicit would seek to excuse itself from responding.  In the absence of this information,

20  Implicit's motion should be denied.[1]

21  **2. Deposition of Balassanian/Implicit on Juniper-Specific 30(b)(6) Topics**

22  Juniper served a Rule 30(b)(6) notice on Implicit on February 9, 2011.[2]  *See* Ex. B.  For

23  efficiency and convenience, the parties agreed to coordinate with the other pending cases and to

24  divide the topics into two categories: "common" topics that would apply to all defendants, and

25  "Juniper-specific" topics pertaining to Juniper alone.  Implicit agreed to produce a witness on the

26  _____

27  [1] In an effort to streamline discovery and resolve this issue without motion practice,
    Juniper offered to withdraw its latest set of interrogatories if Implicit would do the same for its
    most recent interrogatories (also served in late May).  Implicit has not responded to this offer.

28  [2] Juniper later served an amended notice on May 17, 2012.  *See* Ex. C.

common topics for a total of three days.  Those three days of depositions—which focused

exclusively on topics not specific to any individual defendant— have now been completed (with

Mr. Balassanian, the inventor of the asserted patents, testifying as Implicit's corporate designee).

Following the "common" deposition, however, Implicit suddenly announced that each of the three

defendants would need to complete their deposition on all defendant-specific topics—plus the

individual deposition of Mr. Balassanian—in one final combined seven-hour session, *i.e.*, just two

hours and twenty minutes per defendant.

Implicit's sudden change of position is neither reasonable nor fair.  Juniper cannot possibly

question Implicit on all Juniper-specific 30(b)(6) topics plus complete the deposition of the named

inventor on the asserted patents in less than two and a half hours.  The Juniper-specific subjects

still to be covered include Topic Nos. 1 (Implicit's infringement contentions), 2 (Implicit's

statements in pleadings, including basis for filing suit), 4 (basis for injunction request), and 10

(responses to Juniper's interrogatories and discovery requests).[3]  *See* Ex. C.  In addition, Juniper

has not yet asked been able to question Mr. Balassanian questions in his individual capacity as the

named inventor of the patents.  Implicit has not offered any explanation as to why an additional

full day of deposition would present an undue burden.  Juniper is sensitive to Mr. Balassanian's

schedule and has offered to conduct its final day of Juniper-specific questions at a time that would

be convenient for him.  Given that Implicit is solely in the business of patent litigation (and Mr.

Balassanian is essentially its only employee), Implicit cannot claim legitimate hardship from

producing the named inventor on its patents for two days of deposition for each of the three

pending cases—including both his testimony as an individual and as a 30(b)(6) designee

of Implicit.

### 3.  Extension of Discovery and Expert Schedule

Finally, Implicit has not demonstrated "good cause" for an extension of the fact and expert

discovery deadlines in this case.  Excepting a few depositions scheduled for completion next

week, Implicit has already been able to obtain all the discovery necessary to present its case.

---

[3] Questioning on the substance of Implicit's 600-page infringement contentions alone (Topic No. 1) will take multiple hours.

JUNIPER'S OPPOSITION TO PLAINTIFF IMPLICIT NETWORKS, INC.'S MOTION FOR A
PROTECTIVE ORDER AND 30 DAY DISCOVERY EXTENSION

Implicit presents no explanation of why this discovery is insufficient, or why it would not been able to obtain any necessary discovery during the extensive discovery period in this case.  As the Federal Circuit Advisory Council has stated, "Most discovery in patent litigation centers on what the patent states, how the accused products work, what the prior art discloses, and the proper calculation of damages."[4]  Juniper's discovery efforts to date amply cover these topics:

- Juniper produced its confidential source code for the accused products for inspection some time ago, and Implicit's experts have concluded their review of that code after several weeks comprising multiple review sessions.

- Juniper has also produced literally over a million pages of Juniper technical documents, and provided a knowledgeable senior engineer from Juniper for a full day of questioning on technical topics.

- Juniper has produced its prior art and detailed invalidity contentions and charts.

- By stipulation, Juniper provided summary revenue information for the accused products, in addition to the prior production of corporate financial data, documents regarding pricing for the accused products, etc.

- At Implicit's request, Juniper has offered and set a date for its Chief Financial Officer (Robyn Denholm) to be deposed.  Juniper has also set a date for Chief Technology Officer Oliver Tavakoli to be deposed for a full day.  Juniper has further indicated that Mr. Tavakoli will be able to answer questions about the accused products relating to sales, marketing, training, development, and customer use and demand.  These depositions will be concluded by the end of next week.

Given the robust discovery that Juniper has provided in this case on the precise issues that matter in patent litigation, it is not clear how Implicit can demonstrate the "good cause" required under Rule 16(b) for its requested extension of the fact and expert discovery deadlines.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Implicit has not identified any specific discovery it is lacking.  The only example it gives is two deposition notices

---

[4] *See* http://www.cafc.uscourts.gov/images/stories/announcements/Ediscovery_Model _Order.pdf.

**JUNIPER'S OPPOSITION TO PLAINTIFF IMPLICIT NETWORKS, INC.'S MOTION FOR A PROTECTIVE ORDER AND 30 DAY DISCOVERY EXTENSION**

1  directed to a pair of high-level Juniper executives, whose testimony it claims is "centrally

2  relevant" to the case, but without explaining why or even identifying the subject matter of the

3  anticipated testimony.  Juniper has repeatedly offered to produce these senior executives if

4  Implicit can identify topics for these apex deponents on which other Juniper witnesses—including

5  the two other high-level Juniper executives scheduled for deposition next week—do not have

6  knowledge.  To date, Implicit has been unable to do so.  In any event, the claimed need for apex

7  depositions does not provide a basis for globally extending all deadlines for fact and expert

8  discovery by a month.  Moreover, by delaying until the end of discovery to even raise these issues,

9  Implicit has clearly failed to make the required showing of diligence required for any showing of

10  "good cause" under Rule 16(b).  *See id.* ("[i]f that party was not diligent, the inquiry should end").

11          To the extent that Implicit is requesting an extension of deadlines to provide additional

12  time to ***respond*** to Juniper's discovery requests, Juniper remains willing to extend Implicit's

13  deadlines for responding to specific discovery requests, as it has in the past.  For example, if

14  Implicit desires additional time to produce its witness on Juniper-specific topics or to provide

15  responses to Juniper's latest set of interrogatories, Juniper is happy to accommodate such a

16  request.  That sort of targeted approach is far preferable than a global 30-day extension, and will

17  be more effective in terms of forcing the parties to wrap up discovery in this case in the short term.

18          As the Court is well aware, the parties have expended extraordinary resources in

19  connection with discovery (and unfortunately, discovery disputes) in this case.  It is now time to

20  bring the discovery phase of this case to a close so the parties can prepare for dispositive motion

21  practice and trial, if necessary.  Juniper respectfully submits that the Court should deny Implicit's

22  motion in its entirety.

23

24  DATED: June 12, 2012                                    Respectfully submitted,

25

26                                                          */s/ Douglas J. Dixon*
                                                            David C. McPhie (CA Bar No. 231520)
27                                                          Douglas J. Dixon (CA Bar No. 275389)
                                                            IRELL & MANELLA LLP
28                                                          840 Newport Center Drive, Suite 400

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Newport Beach, CA 92660-6324
dmcphie@irell.com
ddixon@irell.com
(949) 760-0991 Tel.
(949) 760-5200 Fax

Morgan Chu (CA Bar No. 70446)
Jonathan S. Kagan (CA Bar No. 166039)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
mchu@irell.com
jkagan@irell.com
(310) 277-1010 Tel.
(310) 203-7199 Fax

*Attorneys for Defendant Juniper Networks, Inc.*

2493383

**JUNIPER'S OPPOSITION TO PLAINTIFF IMPLICIT NETWORKS, INC.'S MOTION FOR A
PROTECTIVE ORDER AND 30 DAY DISCOVERY EXTENSION**