IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER GRANTING IN PART RENEWED MOTION TO COMPEL PATENT LICENSING INFORMATION** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court is Juniper's renewed motion to compel plaintiff to produce communications regarding plaintiff's license negotiations. Docket No. 114. The Court denied Juniper's prior motion, without prejudice, because Implicit had not put its license negotiations in dispute, *e.g.*, by arguing that its licenses did not fully represent a reasonable royalty. *See* June 5, 2012 Order (Docket No. 89, citing *In re MSTG, Inc*., 675 F.3d 1337, 1348 (Fed. Cir. 2012) (affirming disclosure of settlement communications where plaintiff had put not only its licenses but also its settlement negotiations directly in dispute by having its expert opine that the licenses did not fully represent a reasonable royalty and were based in part on other business decisions)).

Juniper brings this renewed motion because Implicit has now – through its response to a Request for Admission and the deposition testimony of its CEO – argued that the rates on one or more of its prior licenses were "discounted" in light of business decisions. *See* Docket No. 114. Implicit agrees that Juniper should receive some part of the discovery it is seeking. Specifically, Implicit agrees to produce emails and letters, covered by Federal Rule of Evidence 408, that address the "substantive" terms of the license agreements and discuss the matters Implicit's CEO testified to in his deposition. *Id*. at 4-5. However, Implicit refuses to produce "mediation briefs" and "related letters" – presumably documents

submitted to third-party mediators – because those materials are arguably protected by a federal mediation privilege and their production is a "long step too far." *Id*. at 5.

The Court agrees that, following *MSTG*, Implicit is required to produce the emails and letters regarding its licensing negotiations, whether or not those communications could be considered Rule 408 "settlement" discussions. Implicit's production should encompass *all* such communications, not simply those that Implicit believes address "substantive" terms of the proposed agreements or which touch on the matters Implicit's CEO testified to. With respect to mediation briefs and letters submitted to third-party mediators, the Court DENIES Juniper's motion without prejudice. As the *MSTG* Court recognized, courts have discretion to limit discovery of material that is not admissible (*e.g*., Rule 408 communications) and courts must tread carefully when ordering disclosure of documents that could undermine the sanctity and efficacy of settlement negotiations. *Id*., at 1346-47. Based on the current record, the Court does not find sufficient cause to order Implicit to produce its confidential communications submitted to third-party mediators. However, that conclusion may change as depositions in this case continue and expert discovery commences.

Juniper's motion to compel production of discovery regarding Implicit's licenses and negotiations, therefore, is GRANTED in part.

**IT IS SO ORDERED.**

Dated: July 23, 2012

SUSAN ILLSTON
United States District Judge