**United States District Court**
For the Northern District of California

1

2

3

4                              IN THE UNITED STATES DISTRICT COURT

5                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    IMPLICIT NETWORKS, INC.,                          No. C 10-04234 SI

          Plaintiff,                                   **ORDER RE IMPLICIT'S MOTION TO
8                                                       COMPEL INTERROGATORY
     v.                                                 RESPONSES**
9
     JUNIPER NETWORKS, INC.,
10
          Defendant.
11                                                  /

12

13        Currently before the Court is plaintiff Implicit's motion to compel further responses to

14   Interrogatories Nos. 15 & 16 [Docket No. 109].[1]  The interrogatories seek information on how Juniper

15   calculated a revenue summary provided to Implicit and ask Juniper to identify revenues from sales of

16   products and services for the Accused Products and any produces that "work with" or are "related to"

17   the Accused Products.  Implicit argues that the revenue summary provided by Juniper is significantly

18   lower than the revenues reported by Juniper in earnings calls, even after excluding non-US sales.

19   Implicit also argues that Juniper's summary apparently excludes sales of products "related to" and sold

20   in conjunction with the Accused Products, which Implicit argues are discoverable as part of its "convoy

21   sales" damages.  *See* Docket No. 111.  Juniper argues that the raw sales data for the Accused Products

22   provided to Juniper should suffice for Implicit's damage calculations.  Juniper also argues that Implicit's

23   interrogatories are impermissibly overbroad in seeking revenue for "any product" related to Accused

24   Products because Juniper "integrates all of its product lines" and, therefore, Implicit's interrogatories

25   encompass virtually every product Juniper sells.  Docket No. 112.  The Court finds that Implicit should

26   be provided information as to how the summary was prepared, but that Juniper should not – at this

27        [1]  Implicit also moves the Court for permission to file a reply [Docket No. 111] and Juniper
     opposes that motion or, in the alternative, submits a sur-reply [Docket No. 112].  The Court GRANTS
28   Implicit's motion to file a reply and has reviewed and considered the parties' reply and sur-reply.

1  juncture – be required to provide detailed revenue information regarding non-Accused Products that it

2  contends are not relevant to damages.

3       Therefore, the Court rules as follows:

4       **Interrogatory No. 15.**: The Court GRANTS in part the motion to compel.  Juniper shall

5  provided an amended answer that provides the following information:

6       As to the letter dated May 11, 2012 from Nima Hefazi and attached spreadsheet, and separately

7       for each revenue item shown for each product series and for each time period: describe with

8       particularity how Juniper calculated each and every item of revenue, including a specific

9       description **of** all numbers, facts, assumptions, accounting conventions and calculations related

10      to each item; identify, within each Series, which specific product, version, model name and

11      model number or service by name and number (including cards such as PIC or DPC) is included

12      in each item and the specific dollars attributable to such specific product or service name or

13      number; identify within each Series which specific product, version, model name and model

14      number or service by name and number is excluded from the revenue items on the spreadsheet,

15      yet is included in SRX revenue numbers released publicly by Juniper's Robyn Denholm or is

16      otherwise considered by Juniper in its business to be part of the SRX series, WX series, J series,

17      LN series, M series, MX series, T series, TX series, or any card (such as PIC or DPC) that works

18      with any product within the foregoing series of products, and set forth in detail the reasons for

19      exclusion, ~~and set forth individually by specific product or service version, model name and~~

20      ~~model number and quarter the revenue for any such excluded product or service~~; **and** break

21      down each item of revenue into sales revenue versus services revenue versus other revenue

22      types; ~~and identify all related documents (including without limitation documents utilized in or~~

23      ~~relating to preparation of the spreadsheet or letter or by Robyn Denholm) and all persons with~~

24      ~~knowledge~~.

25

26      **Interrogatory No. 16.**: The Court GRANTS in part the motion to compel in part.  Juniper shall

27  provided an amended answer that provides the following information:

28      **Identify** ~~Separately~~ for each model, name, number or version of any **Accused Product** ~~product~~

2

1    in ~~or related to~~ the SRX series, WX series, J series, LN series, M series, MX series, T series, TX

2    series, or any card (such as PIC or DPC) **necessary for the functioning of** ~~that works with~~

3    ~~products in~~ the foregoing series ~~(whether or not Juniper considers same to be an Accused~~

4    ~~Product in this case): (1) state (quarterly, annually, or on whatever basis such information is~~

5    ~~maintained by you) the quantity sold, revenues, and profits and profit margin for each such~~

6    ~~model, name, number or version of any product manufactured, sold, offered for sale, licensed,~~

7    ~~leased, used, or otherwise distributed in the United States and for each such product~~

8    ~~manufactured or distributed outside the United States where you reasonably believed that such~~

9    ~~products would subsequently be imported or used in the United States; (2) identify~~ each service

10    that is sold or supplied in connection with any such model, name, number or version of any

11    product, and state (quarterly, annually, or on whatever other basis such information is

12    maintained by you) the quantity sold, revenues, and profits and profit margin for each such

13    service sold, supplied, offered for sale, licensed, leased, used, or otherwise distributed in the

14    United States and for each such product manufactured or distributed outside the United States

15    where you reasonably believed that such products would subsequently be imported or used in

16    the United States; ~~and (3) identify all documents containing such information and all~~

17    ~~knowledgeable persons.~~

18

19    Further interrogatory responses shall be provided within **ten (10) days of the date of this**

20    **Order**.

21    Following the production of the supplemental responses, if Implicit can show that revenue

22    information for *particular* non-Accused Products or non-accused components that has been withheld

23    is necessary for its damages analysis, Implicit may move to compel that specific and narrowly identified

24    revenue information.

25    **IT IS SO ORDERED.**

26

27    Dated: July 23, 2012

28    SUSAN ILLSTON
      United States District Judge