IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER RE IMPLICIT'S MOTION TO COMPEL DOCUMENTS AND A DEPOSITION WITNESS** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court is plaintiff Implicit's motion to compel Juniper to produce documents and a deposition witness. [Docket No. 125]. Implicit contends that Juniper's production of documents to date, in response to Document Requests Nos. 1 and 22, is deficient with respect to documents that would show how Juniper's customers configure their Juniper products. In particular, Implicit complains that Juniper has not provided a complete production of documents related to customer support, including "cases and trouble tickets" reported to JTAC [Juniper's support group] and various reports received by JTAC managers. Docket No. 125 at 1-2. Implicit argues that Juniper agreed to search for responsive documents, but reneged on an agreement to produce the JTAC database, because of the size of the production. As a compromise, Implicit argues the Court should order Juniper to produce documents in the JTAC database for Juniper's 10 largest U.S. customers.

Juniper responds that it has produced documents, including supplemental productions including documents from the JTAC database. Juniper, however, does not contend that it has produced all responsive documents and admits that it has not produced the full JTAC database, because that database contains roughly 4 to 5 terabytes of data. Juniper does not explain what portion of the database has been produced and why, but argues that Implicit's motion to compel should be denied because Implicit has failed to argue that there are any "specific areas" of the JTAC database that were not produced but should have been. Docket Nos. 126, 132. Juniper also argues the motion to compel is moot because

Juniper agreed to continue to search for unspecified "additional documents." Finally, Juniper argues that Implicit's proposed compromise is no compromise at all because the 10 largest Juniper customers account for 80% of the documents in the massive JTAC database. Docket Nos. 130, 133.

The Court finds that Juniper has not demonstrated reasonable compliance with Implicit's document requests regarding the JTAC documents at issue. Juniper has not explained what it has produced, what it has withheld, and why. Neither has Juniper demonstrated that the information sought and not yet produced from the JTAC database is irrelevant or duplicative of other productions. However, the Court recognizes the burden associated with producing 4 to 5 terabytes of data. Therefore, **the Court orders that Juniper shall produce all JTAC documents for its two largest United States customers**. If, after reviewing the supplemental production made pursuant to this Order, Implicit believes it needs additional JTAC documents, it may seek relief from the Court.

Implicit also contends that Juniper should be required to produce a Rule 30(b)(6) person most knowledgeable witness about customer sales and service. Implicit complains that Juniper refused to produce a witness with enough knowledge on this subject matter and instead produced Juniper's Chief Technical Officer Oliver Tavakoli, who was unable to answer specific questions. Juniper responds that Mr. Tavakoli was fully able to answer most of Implicit's questions under the broad range of Rule 30(b)(6) topics noticed and that if Implicit wanted more specific testimony, it should have noticed individual depositions but did not do so. **The Court orders that Juniper produce a witness to testify about what Juniper does specifically for customers, to demonstrate, implement and service Juniper's products, including configuration, for Juniper's two largest United States customers**.

**The documents required to be produced shall be produced within fourteen (14) days of the date of this Order and the deponent shall be produced within twenty one (21) days of the date of this Order**.

**IT IS SO ORDERED.**

Dated: August 6, 2012

SUSAN ILLSTON
United States District Judge

2