IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER ON JUNIPER'S MOTION TO COMPEL RE PRIVILEGE AND INTERROGATORY RESPONSES** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court is Juniper's motion to compel regarding documents Implicit has and has not identified on its privilege log, as well as Juniper's motion to compel further interrogatory responses. [Docket No. 138]. The Court rules as follows.

With respect to privilege issues, Juniper first argues that Implicit improperly withheld documents as attorney-client privileged when no attorney sent or received the correspondence. Implicit responds that in a July 30, 2012 letter Implicit informed Juniper that each of the challenged documents "recounted" or otherwise disclosed advice of counsel and, therefore, was withheld. *See* Docket No. 140, Ex. A. Juniper contends that Implicit's letter fails to identify the name of the counsel whose advice is at issue in each document, and therefore, Implicit has waived the privilege. *See* Docket 142. The Court disagrees and finds that Implicit's July 30, 2012, letter generally provides sufficient information regarding the counsel or the firm whose advice is at issue.[1]

Juniper also argues that Implicit's privilege log is deficient because it does not identify "mediation documents" that have been withheld and that those documents – whether they were created pre or post-filing the instant action – should be identified on the log. Implicit responds that pursuant

---

[1] Juniper does not argue that information provided in the privilege log, in combination with the information provided in the July 30, 2012 letter, leaves a significant question as to whether the privilege is appropriately asserted for any document *in particular*.

to the parties' agreement, no post-filing mediation documents have been identified because the parties agreed not to include post-filing privileged documents in their logs. Implicit, however, fails to explain why the pre-filing mediation documents have not been included in the log.[2] Therefore, the Court orders Implicit to supplement is privilege log **within seven (7) days of the date of this Order** to include pre-filing "mediation" documents.

Juniper also complains that the log does not contain any internal pre-filing investigation documents. Implicit responds that any such documents are not relevant and, in any event, would be privileged. The Court finds that pre-filing investigation documents may be relevant to Juniper's unclean hands defense and, therefore, should be listed on Implicit's privilege log. Implicit shall supplement is privilege log **within seven (7) days of the date of this Order** to include pre-filing investigation documents.

Finally, Juniper requests that the Court order Implicit to provide a deposition witness regarding the facts disclosed in Implicit's privilege log and any documents produced in response to this motion. The Court finds there is no justification for Juniper's request.

Juniper also argues that Implicit's response to its Interrogatory No. 20 is deficient. Interrogatory No. 20 asks Implicit to identify with specificity what Implicit contends to be the "'first packet' in the context of an alleged infringement by the Juniper accused products." Implicit's response is that "first packet" means "the first packet of a new message that creates a stateful data processing path." In its interrogatory response, Implicit cites to Juniper documentation showing when the creation of a "stateful data processing path" occurs. *Se*e Ex. D to Docket No. 138 at pg. 7. In its response to the motion to compel, Implicit explains further that what is the "first packet" depends on the device configuration and gives two additional examples (first control packet in "establishing the TCP/IP handshake" and first packet "containing content. . . ."). Docket No. 140 at 2. Implicit argues this "functional" definition is a sufficient response. The Court agrees. Implicit has, through its interrogatory response and response

---

[2] In its July 23, 2012 Order, the Court held that "[b]ased on the current record, the Court does not find sufficient cause to order Implicit to produce its confidential communications submitted to third-party mediators. However, that conclusion may change as depositions in this case continue and expert discovery commences." Docket No. 119 at 2. That issue, however, is not yet before the Court. The only issue before the Court is whether these mediation documents should be included on Implicit's privilege log.

2

to the motion to compel, explained the first packet in the "context" of the alleged infringing Juniper products. Implicit's definition may be broad, but it is sufficiently clear to allow Juniper to defend this case.

Juniper also moves to compel the identification of internal documents regarding pre-1999 "sales," which Implicit represented had been produced but now claims do not exist. *See* Docket No. 113 (July 16, 2012 Order requiring Implicit to identify internal documents already produced). Implicit responds that when it went back to attempt to identify any pre-1999 internal sales documents, it did not find any. The Court cannot compel Implicit to identify documents that do not exist, even if Implicit mistakenly informed the Court that such documents had already been produced.

**IT IS SO ORDERED.**

Dated: August 16, 2012

SUSAN ILLSTON
United States District Judge