IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER RE IMPLICIT'S SECOND MOTION TO COMPEL FINANCIAL INFORMATION** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court is plaintiff Implicit's second motion to compel Juniper to produce financial information. [Docket No. 136]. In Implicit's prior motion, Implicit argued that Juniper should provide supplemental interrogatory responses explaining how Juniper calculated a revenue summary provided to Implicit and identifying revenues from sales of products and services for the Accused Products and any products that "work with" or are "related to" the Accused Products. Juniper opposed, arguing that its prior responses were sufficient. On July 23, 2012, the Court ordered Juniper to provide supplemental answers to two interrogatories, which were significantly narrowed by the Court. *See* Docket No. 120. The Court indicated that, following the production of the supplemental responses, Implicit could move to compel further information regarding revenue for particular non-Accused Products or non-accused components that had been withheld, as long as that discovery is necessary for Implicit's damages analysis. *Id.*

Implicit now moves for supplemental revenue information regarding non-accused components necessary for its damage analysis, and asks the Court for additional time to produce its expert damages report. Specifically, Implicit contends that Juniper provided revenue for only the base SRX Gateway "chassis" – which is an Accused Product – but not revenue on components which Implicit contends "must" be integrated into a customer's network in order for the SRX Gateway to function. Juniper does not contest this characterization, but argues that it need not report revenue for components sold with the

SRX Gateway "chassis" because the components were not identified as "Accused Products" by Implicit.

The Court GRANTS the motion to compel as follows: Juniper shall provide supplemental interrogatory responses which include revenue figures for all components that Juniper lists or offers as part of the accused SRX Gateway products. *See* Plaintiff's 4/6/2012 Amended Disclosure, Lines 31-40. These supplemental interrogatory responses shall be provided within ten (10) days of the date of this Order and Implicit may serve a revised damages report within fourteen (14) days after the service of the supplemental interrogatory responses.

**IT IS SO ORDERED.**

Dated: August 16, 2012

SUSAN ILLSTON
United States District Judge