IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS, INC., | No. C 10-04234 SI |
| Plaintiff, | **ORDER ON JUNIPER'S ADMINISTRATIVE MOTION TO CONSOLIDATE AND IMPLICIT'S APPLICATION TO FILE UNDER SEAL** |
| v. | |
| JUNIPER NETWORKS, INC., | |
| Defendant. | |

Currently before the Court is Juniper's opposed administrative motion to consolidate the hearing date on Implicit's *Daubert* motion with the parties' summary judgment motions. Docket No. 159. Also before the Court is Implicit's ex parte application to be allowed to file under seal Exhibits B, F and J to the Declaration of Spencer Hosie in Support of Implicit's *Daubert* Motion. Docket No. 158.

With respect to Juniper's administrative motion, the Court GRANTS that motion. Implicit's *Daubert* motion should be consolidated with the parties' motions for summary judgment. The opposition to Implicit's *Daubert* motion is due on **November 16, 2012**, the reply is due **December 3, 2012.**[1]  The hearing on that motion is reset for **December 14, 2012.**

With respect to Implicit's motion to seal exhibits to its *Daubert* motion, Implicit explains that the exhibits at issue have been designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by Juniper, and Juniper has not agreed to allow the exhibits to be filed in the public record. On the current record, the Court cannot determine whether "compelling" reasons exist that would support sealing the records at issue. *See e.g.*, *In re Midland Nat'l Life Ins. Co Annuity Sales Practices Litig. v. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (party seeking to seal

---

[1] Implicit opposed Juniper's motion to consolidate because Juniper proposed requiring Implicit to file its reply on November 27, three business days after Thanksgiving. Under the Court's order, Implicit has until December 3, 2012 to file its reply.

information submitted with *Daubert* motion considered in conjunction with summary judgment motion must show compelling reasons that override the public policies favoring disclosure).

Therefore, Juniper shall submit a declaration within **four days of the date of this Order** showing that compelling reasons exist to seal all or part of each of the exhibits at issue.  If Juniper cannot demonstrate compelling reasons why the Court should seal Exhibits B, F and J, the Court will order that they be filed in the public record.

**IT IS SO ORDERED.**

Dated: November 6, 2012

SUSAN ILLSTON
United States District Judge