UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IMPLICIT NETWORKS, INC.,

       Plaintiff,

       v.

JUNIPER NETWORKS, INC.,

       Defendant.

Case No.  C 10-4234 SI

**DECLARATION OF JONATHAN S. KAGAN IN SUPPORT OF JUNIPER'S MOTION FOR ATTORNEY'S FEES**

    I, Jonathan S. Kagan, hereby declare as follows:

    1.    I am a partner at the law firm of Irell & Manella LLP ("Irell & Manella"), counsel of record for Juniper Networks, Inc. ("Juniper").  I am a member in good standing of the State Bar of California.  I submit this Declaration in support of Juniper's Motion for Attorneys' Fees.  Except where stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

    2.    I have been the partner in charge of the above-captioned action since its filing and have had the responsibility for overseeing Irell & Manella's billing to Juniper for legal work.

**Irell & Manella Personnel Staffed on this Case**

    3.    Irell & Manella currently represents Juniper in this action and has done so since October 2010.  No other law firm has represented Juniper in this action.  Through this motion, Juniper seeks fees for the work that Irell & Manella performed in this action from June 2012 through December 2012.  During that period, I represented Juniper along with Irell & Manella attorneys David McPhie, Douglas Dixon, Christopher Fromherz, Nima Hefazi, Patrick McGill, and Christopher Vieira.  Mr. McPhie and I are partners at the firm.  Messrs. Dixon, Fromherz, Hefazi, McGill, and Vieira are all associates at the firm.  Irell & Manella senior paralegal Eileen Holland also worked on Juniper's behalf in this matter.

4.      In my experience, it is not uncommon for this number of attorneys to work on a complex patent infringement case.  This is particularly true of a case during its discovery and summary judgment phases.

5.      In the interest of streamlining this motion, Juniper is not seeking reimbursement for all of the attorneys' fees that it incurred from June 2012 through December 2012.  Juniper is also not seeking reimbursement for fees that it incurred before June 2012 or after December 2012.  Juniper reserves the right to seek those fees at a future date.

### The Qualifications of Juniper's Attorneys

6.      Irell & Manella is a full service law firm of approximately 190 attorneys.  The litigation practice group is the largest in the firm and specializes in intellectual property and complex business disputes.  Irell & Manella's litigation group has a national reputation for its ability to handle the most complex and difficult cases.

7.      I am a partner in the Los Angeles office of Irell & Manella and a member of the litigation and intellectual property practice groups.  My practice focuses on the litigation of complex intellectual property disputes, with particular emphasis on patent litigation.  I have received recognition from a variety of legal publications for my work in complex disputes involving intellectual property including, for example:

- *Los Angeles Magazine* as a Southern California "Super Lawyer" in intellectual property litigation from 2004-2012
- *Los Angeles Daily Journal* as one of 75 leading intellectual property litigators in 2011
- *Chambers USA* as a top intellectual property attorney from 2010-2011
- *The Best Lawyers in America* from 2010-2012
- *Benchmark Litigation* as a "Future Star" from 2011-2012.

I received my J.D. from the UCLA School of Law in 1993, where I was elected to the Order of the Coif and served as an editor for the UCLA Law Review.  I have attached as **Exhibit 31** my biography from Irell & Manella's website.

8. Mr. McPhie is a litigation partner in the Newport Beach office of Irell & Manella. Mr. McPhie became a partner at Irell & Manella LLP in 2011. Mr. McPhie's practice focuses on intellectual property litigation, with clients involved in technologies as diverse as semiconductor fabrication, computer networking, consumer electronics, video software, and biomedical devices. He has provided advice on patent, trademark, and copyright matters and other complex commercial disputes, representing clients at every stage of litigation through trial and appeal. He has also prosecuted matters (including reexamination proceedings) before the U.S. Patent & Trademark Office. He has also been named a "Rising Star" in intellectual property litigation by *Super Lawyer* magazine. Mr. McPhie earned his J.D., *magna cum laude*, in 2003 from Harvard Law School. I have attached as **Exhibit 32** Mr. McPhie's biography from Irell & Manella's website.

9. Mr. Dixon is a litigation associate in the Newport Beach office of Irell & Manella. Mr. Dixon received his J.D., *magna cum laude*, Order of the Coif, from Georgetown University Law Center in 2005. Mr. Dixon was an editor for The Georgetown Law Journal. After law school, Mr. Dixon clerked for the Honorable Judge Edward Rafeedie of the U.S. District Court for the Central District of California. I have attached as **Exhibit 33** Mr. Dixon's biography from Irell & Manella's website.

10. Mr. Fromherz is a former associate in the Newport Beach office of Irell & Manella, where he was a member of the firm's litigation workgroup. Mr. Fromherz received his J.D. from the University of Pennsylvania School of Law in 2008, where he was Comments Editor of the University of Pennsylvania Law Review and an oralist for the National Moot Court Team. I have attached as **Exhibit 34** Mr. Fromherz's biography from Irell & Manella's website.

11. Mr. Hefazi is an associate in the Newport Beach office of Irell & Manella, where he is a member of the firm's litigation workgroup. Mr. Hefazi is registered to practice in the U.S. Patent & Trademark Office. Mr. Hefazi received his J.D. from the University of California, Berkeley School of Law in 2010, and was awarded the Certificate of Law and Technology for his extensive studies in the field of intellectual property law and technology. I have attached as **Exhibit 35** Mr. Hefazi's biography from Irell & Manella's website.

12.     Mr. McGill is a litigation associate in the Newport Beach office of Irell & Manella. Mr. McGill received his J.D. from Columbia Law School in 2009.  He was a Harlan Fiske Stone Scholar and a member of the Columbia Journal of Transnational Law.  After law school, Mr. McGill interned for the Honorable Judge Alvin Hellerstein of the U.S. District Court for the Southern District of New York.  I have attached as **Exhibit 36** Mr. McGill's biography from Irell & Manella's website.

13.     Mr. Vieira is a litigation associate in the Newport Beach office of Irell & Manella. Mr. Vieira received his J.D., *cum laude*, from Duke University School of Law in 2010.  Mr. Vieira was the Executive Editor of the Alaska Law Review and Chair of the Duke Moot Court Board. Mr. Vieira was the best advocate at the 2009 Herbert Wechsler National Criminal Law Moot Court Competition and has argued a case before the U.S. Court of Appeals for the Fourth Circuit. I have attached as **Exhibit 37** Mr. Vieira's biography from Irell & Manella's website.

14.     Ms. Holland is a senior litigation paralegal in the Newport Beach office of Irell & Manella.  Ms. Holland has fifteen years of experience as a paralegal.  She has extensive experience in commercial and intellectual property litigation and has handled multiple trials.

### Irell & Manella's Billings to Juniper

15.     Irell & Manella and Juniper have a written agreement pursuant to which Juniper agreed to pay Irell & Manella for the services provided in this matter by the hour at the standard rates in effect when the services were rendered.  Irell & Manella invoiced Juniper at Irell & Manella's customary hourly rates.

16.     Irell & Manella uses a computerized system of time billing in which attorneys and other timekeepers – or their assistants – enter their time into the system.  Each time entry includes the name of the client and matter, the number of hours spent, and a description of the work done. In order to keep accurate records, timekeepers at Irell & Manella are instructed to enter their time into the computer each day.  The system is set up to send automatic prompting messages via email to any timekeeper who fails to promptly enter his or her time into the system.

17.     The attorneys and other staff who performed legal work on Juniper's behalf recorded their time in contemporaneous time records.  Each month, I  reviewed and prepared the

bills sent to Juniper. Juniper has paid all of the fees and costs related to this matter in the ordinary course of its payment cycle. Experienced counsel at Juniper reviewed the bills each month before Juniper paid them.

18. All work that Irell & Manella performed on Juniper's behalf was work that I reasonably believed was necessary to help protect Juniper from an adverse judgment in this case. Irell & Manella's results speak for themselves, and, to this day, I believe that the quality and quantity of legal work Irell & Manella performed for Juniper was instrumental in achieving these results.

19. To determine the fees incurred in connection with our representation of Juniper, we examined the time reports from Irell & Manella's billing system that served as the basis for Irell & Manella's bills to Juniper. In total, Juniper is seeking $3,355,785.00 for attorney's fees incurred from June 2012 through December 2012.

20. Attached hereto as **Exhibit 38** is a summary of the legal fees that Irell & Manella billed to Juniper from June 2012 through December 2012. **Exhibit 38** includes: the total fees generated by each Irell & Manella timekeeper; the hourly rates for, and hours worked by, each timekeeper; and a brief summary of the work performed by each timekeeper.

21. An abstract of the Irell & Manella's legal billings, copies of the billings, and/or contemporary time records can be made available to the Court for an *in camera* inspection should the Court deem that appropriate pursuant to Local Rule 54-5(b)(2).

22. The billing rates charged to Juniper in this matter are the customary rates charged by Irell & Manella for representations of this nature and reflect the market value of the type of legal service and experience provided by our firm and our competitors, and sought by sophisticated clients for complex litigation matters in major metropolitan areas throughout California. Parties defending litigation of the type and scope brought by Implicit in this case generally hire law firms with a comparable reputation to Irell & Manella and with experience similar to that of the attorneys at Irell & Manella. These firms also have billable rates that are comparable to those of Irell & Manella.

23.     I have attached as **Exhibit 39** a copy of Superior Court Judge Brian McCarville's order in *Trealoff v. Forest River, Inc., et al.*, Case No. SCVSS96372 from 2012, awarding the full amount of Irell's appellate fees in that action, in the amount of $481,634.50.  In awarding fees, Judge McCarville approved rates for Irell & Manella attorneys that are comparable to the rates submitted for the attorneys in this matter.

24.     I have attached as **Exhibit 54** a copy of Superior Court Judge Peter H. Kirwan's order in *Linear Technology v. Applied Materials, Inc.*, Case No. 1-02-CV-806004 from 2012, awarding the full amount of Irell's post-judgment fees in that action, in the amount of $523,820.51. In awarding fees, Judge Kirwan approved rates for Irell & Manella attorneys that are comparable to the rates submitted for the attorneys in this matter.

25.     I have attached as **Exhibit 40** a copy of Superior Court Judge William Fahey's order in *Outdoor Media Group, Inc. v. Fisher & Associates*, Case No. BC 305 029, awarding the full amount of Irell's fees in that action.

26.     I have attached as **Exhibit 41** a copy of the California Court of Appeal's decision dated September 5, 2006 affirming Judge Fahey's order.

27.     I have attached as **Exhibit 42** a copy of Superior Court Judge Ronald S. Prager's order in *Silverado Modjeska Recreation and Parks Dist. v. County of Orange*, Case No. 37-2008-00087783, awarding Irell & Manella's fees in that action.

28.     I have attached as **Exhibit 43** a copy of data from a report generated by Valeo Attorney Hourly Rates and Fees Database showing attorney billing rates for California litigation attorneys in 2010 and 2011.  I am informed and believe that Valeo generates its database by identifying hourly rates described in public sources, particularly fee applications submitted to courts in California.

### **Juniper's Expert Fees**

29.     In addition to its attorney's fees, Juniper incurred fees for the services of six expert witnesses and/or consultants.  In total, Juniper is seeking $1,023,749.25 for expert witness and consultant fees incurred from June 2012 through December 2012.

30.     The following expert witnesses and consultants completed work for Juniper in this matter during the period of June 2012 through December 2012:

a.     Dr. Peter Alexander was Juniper's non-infringement expert.  Dr. Alexander holds a Bachelor of Science in Electrical Engineering from the University of Canterbury, a Master of Science in Electrical Engineering from the University of Illinois, and a Ph.D in Electrical Engineering from the Massachusetts Institute of Technology.  I have attached Dr. Alexander's *curriculum vitae* as **Exhibit 44**.

b.     Dr. Kenneth Calvert was Juniper's invalidity expert.  Dr. Calvert holds a Bachelor of Science in Computer Science and Engineering from the Massachusetts Institute of Technology, a Master of Science in Computer Science from Stanford University, and a Ph.D in Computer Science from the University of Texas at Austin.  I have attached Dr. Calvert's *curriculum vitae* as **Exhibit 45**.

c.     Dr. Bradford Cornell was Juniper's damages expert.  Dr. Cornell holds a Bachelor of Arts in Physics, Philosophy, and Psychology from Stanford University, a Master of Science in Statistics from Stanford University, and a Ph.D in Financial Economics from Stanford University.  I have attached Dr. Cornell's *curriculum vitae* as **Exhibit 46**.  Dr. Cornell received assistance in this matter from Dr. Elisabeth Browne.  Dr. Browne holds a Bachelor of Science in Engineering & Policy from Washington University, a Master of Science in Engineering-Economic Systems from Stanford University, and a Ph.D in Engineering-Economic Systems from Stanford University.  I have attached Dr. Browne's *curriculum vitae* as **Exhibit 47**.

d.     Dr. Lorin Hitt was Juniper's licensing and damages expert.  Dr. Hitt holds a Bachelor of Science in Electrical Engineering from Brown University, a Master of Science in Electrical Engineering from Brown University, and a Ph.D in Management from the Massachusetts Institute of Technology.  I have attached Dr. Hitt's *curriculum vitae* as **Exhibit 48**.  Dr. Hitt received assistance in this matter from Mr. Shankar Iyer.  Mr. Iyer holds a Bachelor of Science from Presidency College in Kolkata, India and a

1   Master of Arts from the University of Florida. I have attached Mr. Iyer's bio as

2   **Exhibit 49**.

3        e.   Dr. Bernhard Plattner was Juniper's prior art expert.  Dr. Plattner is a

4   Professor of Computer Engineering at the Computer Engineering and Networks

5   Laboratory at ETH Zurich in Zurich Switzerland.  Dr. Planner holds a Sc.D. in Computer

6   Engineering and a Diploma in Electrical Engineering, both from ETH Zurich.  I have

7   attached Dr. Plattner's bio as **Exhibit 50**.

8        f.   Mr. Matthew Carden was Juniper's technical and re-exam consultant.  Mr.

9   Carden holds a Bachelor of Science in Computer Science from the University of

10  Wisconsin, Madison and a J.D. from Duke University School of Law.  I have attached

11  Mr. Carden's *curriculum vitae* as **Exhibit 51**.

12      31.   I believe that the expert and consultant work that was performed on Juniper's behalf

13  was reasonably necessary to help protect Juniper from an adverse judgment in this case.  The

14  results achieved in this case with the help of Juniper's experts speak for themselves, and, to this

15  day, I believe that the quality and quantity of work that Juniper's experts performed was

16  instrumental in achieving these results.

17      32.   Attached hereto as **Exhibit 52** is a summary of the expert fees that Juniper incurred

18  from June 2012 through December 2012.  **Exhibit 52** includes: the total fees generated by

19  Juniper's experts and their staffs; the hourly rates for, and hours worked by, the experts and their

20  staffs; and a brief summary of the work performed by the experts and their staffs.

21      33.   An abstract of the bills submitted by Juniper's experts, copies of the bills, and/or

22  contemporary time records can be made available to the Court for an *in camera* inspection should

23  the Court deem that appropriate pursuant to Local Rule 54-5(b)(2).

24  **Other Documents**

25      34.   Attached hereto as **Exhibit 1** is a copy of a Forbes article titled "Why Failure Is

26  The Engine Of Success" dated January 11, 2012.

27      35.   Attached hereto as **Exhibit 2** is a copy of excerpts from Implicit's 30(b)(6)

28  deposition transcripts, dated May 31, 2012, June 7, 2012, and August 16, 2012.

36.     Attached hereto as **Exhibit 3** is a copy of the Amended Export Report of Jeffrey Leitzinger, Ph.D. executed on September 10, 2012.

37.     Attached hereto as **Exhibit 4** is a copy of Implicit's Second Supplemental Response to Juniper's First Interrogatories dated April 16, 2012.

38.     Attached hereto as **Exhibit 5** is a copy of the Settlement Agreement between NVIDIA and Implicit Networks, Inc. dated November 26, 2008.

39.     Attached hereto as **Exhibit 6** is a copy of Implicit's Pre-Filing Investigation Privilege Log dated August 22, 2012.

40.     Attached hereto as **Exhibit 7** is a copy of Implicit's Preliminary Infringement Report in the *Hewlett-Packard* matter dated February 2, 2011.

41.     Attached hereto as **Exhibit 8** is a copy of Appendix A to Implicit's Disclosure of Asserted Claims and Infringement Contentions dated May 23, 2011.

42.     Attached hereto as **Exhibit 9** is a copy of Implicit's Disclosure of Asserted Claims and Infringement Contentions dated May 23, 2012.

43.     Attached hereto as **Exhibit 10** is a copy of excerpts from Scott Nettles, Ph.D. deposition transcript dated October 19, 2012.

44.     Attached hereto as **Exhibit 11** is a copy of Implicit's 6th Supplemental  Response to Juniper's Second Interrogatories dated July 27, 2012.

45.     Attached hereto as **Exhibit 12** is a copy of the Treskunov Report, bearing bates numbers IMP141451 – IMP141480.

46.     Attached hereto as **Exhibit 13** is a copy of the Claim Construction Order dated February 29, 2012.

47.     Attached hereto as **Exhibit 14** is a copy of Implicit's Reply to Defendants' Claim Construction Brief dated December 19, 2011.

48.     Attached hereto as **Exhibit 15** is a copy of the Treskunov Updated Claim Chart, bearing bates numbers IMP141522 – IMP141524.

49.     Attached hereto as **Exhibit 16** is a copy of the Rebuttals Expert Report of Peter Alexander, Ph.D. executed on September 11, 2012.

50.    Attached hereto as **Exhibit 17** is a copy of Implicit's Amended Infringement Contentions dated May 4, 2012.

51.    Attached hereto as **Exhibit 18** is a copy of Implicit's Opposition to Juniper's Motion for Summary Judgment of Non-Infringement dated December 3, 2012.

52.    Attached hereto as **Exhibit 19** is a copy of excerpts from Scott Nettles, Ph.D. deposition transcript dated October 9, 2012.

53.    Attached hereto as **Exhibit 20** is a copy of Order and Office Action for the '163 and '857 patents.

54.    Attached hereto as **Exhibit 21** is a copy of Juniper's '857 Action Closing Prosecution dated December 21, 2012.

55.    Attached hereto as **Exhibit 22** is a copy of Chief Judge Randall Rader's remarks to the Eastern District of Texas' Judicial Conference on the state of patent litigation.

56.    Attached hereto as **Exhibit 23** is a copy of Implicit's Comments to the Action Closing Prosecution dated February 21, 2013.

57.    Attached hereto as **Exhibit 24** is a copy of excerpts from Scott Nettles, Ph.D. deposition transcript in the *F5* matter  dated November 6, 2012.

58.    Attached hereto as **Exhibit 25** is Implicit's Opposition to Defendants' Motion for Summary Judgment on Invalidity dated November 16, 2012.

59.    Attached hereto as **Exhibit 26** is a copy of the Order Granting Defendants' Motions for Summary Judgment dated March 13, 2013.

60.    Attached hereto as **Exhibit 27** is a copy of Plaintiff's Opening Claim Construction Brief dated November 28, 2011.

61.    Attached hereto as **Exhibit 28** is a copy of Implicit's Opposition to F5 Networks' Motion for Summary Judgment of Non-Infringement dated November 15, 2012.

62.    Attached hereto as **Exhibit 29** is a copy of Juniper's Reply in support of Motion for Summary Judgment of Non-Infringement dated December 3, 2012.

63.    Attached hereto as **Exhibit 30** is a copy of Ex. C to Hosie Declaration in support of Implicit's Opposition to Juniper's Motion for Summary Judgment.

1    64.    Attached hereto as **Exhibit 53** is a copy of an excerpt from the American

2  Intellectual Property Law Association 2011 Report of the Economic Survey.

3

4    Executed on April 8, 2013, at Los Angeles, California.

5    I declare under penalty of perjury under the laws of the United States that the foregoing is

6  true and correct.

7

8                                                          /s/ Jonathan S. Kagan

9                                                          Jonathan S. Kagan

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 10-4234 SI