# EXHIBIT  41

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION EIGHT

| | |
|---|---|
| VALLEY OUTDOOR, INC. et al., | B182312 and B183066 |
| Cross-Complainants and Appellants, | (Los Angeles County Super. Ct. No. BC305029) |
| v. | |
| REGENCY OUTDOOR ADVERTISING, INC. et al., | COURT OF APPEAL · SECOND DIST. **F I L E D** |
| Cross-Defendants and Respondents. | SEP 0 5 2006 |
| | JOSEPH A. LANE        Clerk |
| | Deputy Clerk |

APPEAL from a judgment and from an order of the Superior Court for the County of Los Angeles. William F. Fahey, Judge. Affirmed.

McGuireWoods, Eliot G. Disner and Darrel C. Menthe for Cross-Complainants and Appellants.

Baute & Tidus, Jeffrey A. Tidus and David P. Crochetiere for Cross-Defendants and Respondents.

## SUMMARY

In litigation between competitors in the outdoor advertising industry, the trial court correctly sustained a demurrer to causes of action in a cross-complaint for breach of contract, fraud and negligent misrepresentation, and properly dismissed a fourth cause of action for declaratory relief relating to billboards in Oceanside and Riverside.  The trial court also properly sustained a demurrer to a fifth cause of action for unfair competition involving billboards in other locations that allegedly violate various state and local ordinances.

The trial court awarded attorney fees of $464,720.75 to the prevailing party under the attorney fee clause of a contract between the parties, concluding that the multiple causes of action were inextricably intertwined and fees could not be apportioned between contract and non-contract claims.  We affirm the court's attorney fee order.

## FACTUAL AND PROCEDURAL BACKGROUND

Valley Outdoor, Inc. and its principal, J. Keith Stephens (collectively, Valley), filed a cross-complaint against Regency Outdoor Advertising, Inc. and its principals, Drake Kennedy and Brian Kennedy (collectively, Regency).  Valley's cross-complaint was brought in a lawsuit filed by Outdoor Media Group, Inc. (OMG) against Valley and others.  Valley, Regency and OMG are involved in the billboard advertising business, and have a considerable and contentious litigation history involving billboards in Riverside and Oceanside.  To understand Valley's claims and their resolution, it is necessary to summarize several prior lawsuits and agreements, as well as to identify the entities and persons involved.

1.   The players.

Valley, Regency and OMG are competitors in the outdoor advertising industry.  J. Keith Stephens, now the owner of Valley, was hired by Regency in 1988.  Stephens succeeded in substantially increasing Regency's billboard business.  While working for Regency and with its approval, Stephens formed his own company, whose corporate name was eventually changed to Valley.  Regency supported the formation of Valley, because the principals of both companies wanted to use Valley to facilitate certain

2

transactions.  Regency sometimes compensated Stephens for his work for Regency by transferring to Valley some of its sign rights.

Beginning in 1994, OMG — which is not a party to this appeal — became involved in litigation with the city of Riverside over OMG's construction of billboard signs, including a challenge to the constitutionality of a Riverside ordinance.  OMG later brought a lawsuit challenging an Oceanside ordinance.  The parties refer to these suits as the Riverside litigation and the Oceanside litigation, respectively.  Further litigation ensued among the three competitors over the billboards in Riverside and Oceanside.

2.      The first lawsuit and settlement: *Regency v. OMG.*

In April 1998, Regency sued OMG, asserting claims relating to the wrongful construction of billboards in Riverside.  Regency and OMG settled the lawsuit, and agreed to various other matters, in an agreement dated June 8, 1998.  Under the agreement, OMG transferred to Regency, without warranties, all its rights to certain Riverside billboards.  OMG also agreed to transfer to Regency all its rights to a billboard in Oceanside.  Regency and OMG agreed to cooperate with each other in respect to the ongoing Riverside and Oceanside litigation.  Regency and OMG agreed that if OMG acquired rights to any additional billboards as a result of that litigation, OMG would transfer to Regency its interest in one-half of the billboards.

3.      The June 1998 memorandum of agreement between
        Regency and Valley (the 1998 MOA).

A few days after Regency and OMG reached the settlement just described, Regency and Valley entered into a memorandum of agreement dated June 11, 1998 (1998 MOA).  In the 1998 MOA, Regency transferred to Valley all the sign rights Regency acquired from OMG in Oceanside (Oceanside signs) as a result of the Regency/OMG settlement.  The 1998 MOA specified that Regency would retain all signs and sign rights it acquired from OMG in the County of Riverside (Riverside signs).  Regency's transfer of Oceanside sign rights to Valley was a part of Stephens' compensation for work he performed on other projects for Regency.

3

4.    **The second lawsuit and the July 2002 settlement:**
      *Valley v. Regency.*

Almost four years later, on April 23, 2002, Valley sued Regency for unfair business practices and fraud. The action also involved a declaratory relief claim to determine the parties' respective ownership interests in the Oceanside and Riverside signs. Valley asserted that, after forcing Stephens to resign from Regency, Regency demanded transfer of virtually all of Valley's billboards to Regency, and falsely claimed that most of the billboards operated by Valley were Regency's property, including the signs Regency had obtained from OMG and transferred to Valley.

This litigation was settled a few months later by agreement dated July 18, 2002 (July 2002 settlement). In the settlement, Regency disclaimed any interest in the Oceanside and Riverside signs, and assigned to Valley all leases and other indicia of ownership Regency had in the signs, as of the effective date of the agreement (July 15, 2002).

5.    The litigation agreement between Regency and OMG.

Meanwhile, after Valley filed its suit against Regency, but before the July 2002 settlement, Regency entered into a "confidential litigation defense and prosecution agreement" with OMG, effective May 6, 2002. In the agreement, Regency and OMG recited, among other things, that:

-   Regency and OMG both claimed an interest in the Riverside and Oceanside signs, "because of the actions of Valley, Stephens and Fisher." (Paul Fisher was a lawyer who had represented OMG.)

-   Valley had already filed an action against Regency asserting that Regency had no interest in the signs (as described in section 4, *ante*), and OMG believed Valley might also bring an action against OMG.

Regency and OMG agreed that:

-   Each of them would file a lawsuit against Valley, Stephens and Fisher and would coordinate efforts in seeking return of the signs.

.4

- Regency would pay most of the attorney fees and litigation expenses, and OMG and Regency would coordinate litigation strategy.

- In the event of any recovery from the litigation, OMG would have a right of first refusal to the litigation proceeds, a right OMG could exercise by paying one-half of the total attorney fees and litigation expenses paid by Regency.  Upon exercise of OMG's right of first refusal, Regency would receive one Oceanside sign and OMG would receive the remaining signs in Oceanside, and the parties would alternate in selecting the Riverside signs.

6.     The third lawsuit:  *OMG v. Valley and Fisher.*

    Approximately a year later, in July 2003, OMG sued Valley and OMG's former attorney, Paul Fisher, alleging unfair competition and tortious interference with prospective economic advantage, among other claims, in connection with the Riverside and Oceanside signs.  OMG claimed that, while Fisher was acting as legal counsel for OMG, Fisher secretly became a part-owner of Valley; Stephens and Fisher hid Fisher's ownership interest in Valley; and Fisher used his position as OMG's attorney in the Riverside and Oceanside litigation to benefit Valley, Stephens and himself, including disclosing OMG's confidential information to Valley and Stephens.  OMG alleged, among other things, that Fisher falsely represented to OMG that the five Riverside signs belonged to Regency and not to Valley, and that Fisher and Valley unfairly profited from the Riverside signs and from the settlement of a dispute between OMG and Valley with respect to signs in Oceanside.  OMG sought disgorgement of monies received by Valley as a result of Valley's owning and maintaining the Riverside and Oceanside signs, and a declaration that the signs belonged to OMG and not to Valley.  Valley cross-complained against OMG and Regency, but, as a result of the rulings that are the subject of this appeal (section 7, *post*), Regency extricated itself from the litigation shortly before the trial.

At the conclusion of trial in early 2005, the jury returned a $15 million verdict in OMG's favor against Valley and Fisher, including an award of punitive damages. While the jury was deliberating, however, the parties agreed on the record to a "min/max" settlement and to vacate the jury verdict.[1]

7.  **This action:  Valley's cross-complaint against Regency.**

In April 2004, in OMG's action against Valley and Fisher, Valley filed the cross-complaint against Regency that is the subject of this appeal. Valley's first amended cross-complaint asserted five causes of action against Regency: breach of contract, fraud, negligent misrepresentation, declaratory relief, and unfair competition. The essence of Valley's cross-complaint was that Regency conspired with OMG to deny Valley the benefit of its bargains in connection with the 1998 MOA and the July 2002 settlement agreement (sections 3 and 4, *ante*), under which Regency had transferred its rights in the Oceanside and Riverside signs to Valley. Valley alleged Regency breached those contracts by entering into the confidential litigation agreement with OMG, under which Regency worked with OMG to take back the same signs Regency transferred to Valley under the 1998 MOA and the July 2002 settlement agreement. Valley alleged that, before executing the July 2002 settlement agreement relinquishing its ownership interest in the Riverside signs, Regency had assigned pending permit applications for the Riverside signs to OMG. The assignment, which Regency kept secret from Valley at the time of the settlement, allegedly breached provisions of the settlement agreement and materially affected the value of the Riverside signs. Valley also asserted fraud claims, alleging Regency fraudulently induced Valley to enter into the 1998 MOA and the July 2002 settlement, by failing to advise Valley of any defect in title to the signs "or that Regency had done anything wrong in acquiring them from OMG," and by falsely representing that its rights to the signs were valid and in good order.

---

[1]  The settlement required Valley to sell two signs to OMG for $1.8 million, an amount below the market price.

Regency demurred to Valley's first amended cross-complaint. On November 4, 2004, the trial court sustained Regency's demurrer, without leave to amend, to the causes of action for breach of contract, fraud, negligent misrepresentation, and unfair competition. The court took Regency's demurrer to the claim for declaratory relief off calendar, as the court had already overruled Regency's previous demurrer to that claim.[2]

Shortly before trial, Regency moved to dismiss Valley's declaratory relief claim, contending the only relief sought in the claim was for a declaration Valley was entitled to indemnity, and Valley had explicitly dismissed that claim at a hearing on November 23, 2004. The trial court granted Regency's motion, and judgment in favor of Regency was entered on February 28, 2005. Valley filed a notice of appeal on March 21, 2005.

After the judgment was entered, Regency moved for an award of attorney fees based on the attorney fee clause of the July 2002 settlement agreement. The trial court granted Regency's motion on May 3, 2005, and awarded attorney fees of $464,720.75, together with costs of $12,807.75. Valley filed a second notice of appeal, and an amended judgment including the attorney fee award was entered on June 6, 2005. The two appeals have been consolidated for purposes of oral argument and decision.

## DISCUSSION

We affirm the trial court's rulings. We discuss the causes of action in turn, providing further descriptions as necessary of Valley's allegations and the trial court's orders, and then turn to Valley's appeal of the trial court's attorney fee award.

---

[2]  Regency earlier demurred to Valley's original cross-complaint, which also alleged causes of action for comparative indemnity, implied indemnity and equitable indemnity. Regency's demurrer to these causes of action was granted without leave to amend. The trial court observed that indemnity claims could not be stated until a loss occurred through payment of a judgment or a settlement, and that until a monetary loss occurred, "the cross-complaint takes the form of an action for declaratory relief." Regency's demurrer to Valley's claim for declaratory relief was overruled, and Valley was given leave to amend its causes of action for breach of contract, fraud, negligent misrepresentation and unfair competition.

7

1.   **Valley's appeal of the trial court's demurrer ruling and of the court's dismissal of the declaratory relief claim.**

   a.   **The breach of contract claim.**

Statement of a cause of action for breach of contract requires pleading of (1) the contract, (2) Valley's performance, (3) Regency's breach, and (4) damage resulting from Regency's breach of the contract (causation). (4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570 & § 501, p. 589.)

Valley's cross-complaint alleges that Regency breached the 1998 MOA and the July 2002 settlement by:

- Assigning pending permit applications for the Riverside signs to OMG;

- Instructing its counsel to undermine Valley's efforts to obtain legal status for the signs, substantially reducing their present value; and

- Entering into the confidential litigation agreement with OMG "under which Regency worked to deny Valley the benefit of its bargain under the contracts," and attempting to "take back the exact signs that Regency had conveyed to [Valley] in breach of the covenant of good faith and fair dealing."

Valley's cross-complaint alleges that, before executing the July 2002 settlement agreement, Regency assigned "certain pending permit applications concerning the Valley Riverside Billboards" to OMG, and thereby "materially impacted the value of the 5 Riverside Billboards transferred to Valley." Regency assigned the permit applications to OMG "in spite of a provision in the Settlement Agreement requiring the parties to

---

[3]   The complaint alleges that under the Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.) billboards must have permits from the California Department of Transportation (CalTrans) to allow lawful operation, and CalTrans can only grant permits for billboards that are more than 500 feet apart. Regency's assignment of the pending permit applications to OMG significantly lessened the present value of the assets conveyed to Valley and made it "virtually impossible for Valley to sell such signs to any potential purchaser."

cooperate and execute 'such other document(s)' and take 'such further actions' as may be necessary to carry out the intent of the Settlement Agreement." The settlement agreement "specifically provided for the transfer of any rights Regency might have had in the billboards and leaseholds," but in spite of this provision, "Regency purportedly conveyed to OMG prior to executing the Settlement Agreement with Valley all of its rights to the pending permit applications." Valley also alleged Regency instructed its counsel to contact CalTrans and attempt to prevent Valley from having CalTrans issue permits for the five Riverside signs which Regency had conveyed to Valley, "thus denying the benefit of the bargain and damaging Valley."

We agree with the trial court that Valley's allegations do not state a claim for breach of contract.

First, Valley's complaint fails to identify any provision of the July 2002 settlement that has been breached by Regency's conduct. Under that settlement, Regency assigned to Valley "each and every lease and other indicia of ownership they have in their possession, custody, or control as of the effective date of this Agreement [July 15, 2002] for all of the Billboards." Valley contends Regency's earlier transfer to OMG of all rights "in Regency's applications to the State of California for the CalTrans permits" for the Riverside signs breached this agreement, but we can discern no breach. Regency's earlier assignment of permit applications to OMG cannot violate the subsequently executed settlement agreement, under which Regency merely transferred any interest it then had, and made no warranties as to the nature of those interests.

Second, Valley alleges Regency breached the settlement agreement by attempting to block CalTrans from issuing permits for the signs, and Regency's actions "to frustrate the agreement and deny Valley the benefit of the bargain also violate the covenant of good faith and fair dealing . . ." According to Valley, Regency's efforts to prevent CalTrans from issuing permits breached the provision of the settlement agreement which required each party "to execute and deliver such other document(s) and instrument(s) and to take such further actions as may be reasonably necessary to fully carry out the intent and purposes of this Agreement." We fail to see how a standard provision for the

9

execution of documents necessary to carry out an agreement transferring "any right, title and interest" in the billboards could apply to prevent Regency from later involving itself in the permit process.  Regency made no promise not to participate in the regulatory process.  Moreover, Valley fails to allege it actually applied for any permits or that any were denied because of Regency's efforts.

Third, Valley argues in its reply brief that Regency breached paragraph 12 of the settlement agreement.  In paragraph 12 (No Assignment), both parties warrant they have "made no assignment, voluntary or involuntary, of all or any part of the Claims released herein to any other persons or entities."  Regency's assignment of permit applications, however, is not an assignment of any "claim" it released in the settlement agreement.  Regency merely released Valley from any and all claims of any nature that Regency then had against Valley by reason of any matter relating to the action the parties were settling.  Assignment of a permit application is not an assignment of a claim Regency had against Valley.

Finally, Valley fails adequately to allege how Regency's attempt to persuade CalTrans not to issue permits for the signs, or its assignment of permit applications to OMG, caused any damage to Valley.  As Regency points out, Valley and the City of Riverside have been engaged in litigation over permits for the Riverside signs and the constitutionality of certain Riverside ordinances since January 2000.  At the time Valley filed its cross-complaint in this case, the federal district court had concluded the signs were illegal and, in effect, determined the city had properly rejected late-filed permit applications Valley filed after beginning construction of the signs in January 2000.  When the Ninth Circuit recently reversed the district court's judgment, the cause was returned to the district court for trial.  (*Valley Outdoor, Inc. v. City of Riverside* (9th Cir. 2006) 446 F.3d 948, 956.)  As a result, the matter of the city's denial of permits for the signs continues in litigation.  If, as Valley asserted, "billboards without Caltrans permits are worthless," presumably the same is true of billboards without necessary municipal permits.  In view of the city's actions refusing permits, it is difficult to see how Valley

can truthfully allege that any action by Regency caused the alleged decrease in the value of the signs to Valley, or "[made] it impossible for Valley to sell [the] signs."

Valley also argues it has a viable claim for breach of contract as to the 1998 MOA, in which Regency transferred to Valley all the sign rights Regency acquired from OMG in the Oceanside signs. Regency allegedly breached the 1998 MOA "by entering into a conspiracy with . . . OMG to attempt to take back the exact signs that Regency had conveyed to [Valley] in breach of the covenant of good faith and fair dealing." Again, Valley identifies no provision of the 1998 MOA that has been breached. The 1998 MOA is a two-page agreement in which Regency merely "sold, assigned and transferred" to Valley the Oceanside sign rights it acquired from OMG. Regency made no warranties or promises with respect to the Oceanside signs. Regency's May 6, 2002 litigation agreement with OMG four years later, after OMG discovered the bases for its legal claims against Valley relating to these signs, is not a breach of the 1998 MOA, or of the July 2002 settlement agreement. Nothing in either agreement prevents Regency from assisting OMG in asserting OMG's legal rights with respect to the Oceanside or Riverside signs.

We recognize it is possible to breach the covenant of good faith and fair dealing that is implied in every contract without breaching a specific provision of the contract. (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 373 (*Carma Developers*).) However, the implied covenant of good faith is read into contracts "'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose[s].'" (*Ibid.*; quoting *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 690.) Conduct must be "contrary to the contract's purposes and the parties' legitimate expectations" in order to breach the implied covenant of good faith and fair dealing. (*Carma Developers, supra*, 2 Cal.4th at p. 373.) The express purpose of the contracts between Valley and Regency was to transfer any indicia of Regency's ownership in the Riverside and Oceanside signs to Valley, not to protect Valley from the claims of another

11

competitor relating to the same signs, claims which a jury later found meritorious to the extent of a $15 million damages verdict.

    **b.**    **The fraud and negligent misrepresentation claims.**

    To state a claim for fraud, a complaint must allege (1) a false representation, concealment, or nondisclosure; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  (5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 772, p. 1121.)

    Valley asserts Regency's "representations in the contract between Regency and Valley, specifically, that Regency was transferring signs to Stephens, and had the right to do so," were false representations.  Valley points to its allegation that, when Regency and Valley entered into the 1998 MOA, Regency's principals "represented to [Valley] that Regency had all right, title and interest to the Oceanside Signs' rights that it had acquired from OMG and that such rights were good and valid."  Further, Valley asserts it properly alleged "omissions," by which it presumably means active concealment or suppression of facts, because the complaint alleged that Regency did not advise Valley of any defect in the title to the signs "or that Regency had done anything wrong in acquiring them from OMG."  We again agree with the trial court that Valley's allegations do not state a cause of action for fraud or negligent misrepresentation.

    Every element of the cause of action for fraud must be alleged "factually and specifically."  (5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 669, p. 125.)  Valley's complaint consists of nothing more than a generalized restatement of the elements of a fraud claim, without any specific facts which, if proved, would demonstrate the fraud.  For example, while complaining that Regency failed to tell Valley that "Regency had done anything wrong in acquiring [the signs] from OMG," Valley does not state the

---

Negligent misrepresentation is a similar claim, except that the plaintiff may allege facts showing the representation was made without reasonable ground for believing it to be true, rather than with knowledge of its falsity.  (5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 683, p. 141.)

nature of Regency's alleged "wrong" in acquiring the signs from OMG. Valley does not allege facts showing Regency did not have valid rights to the signs when it transferred them to Valley. Valley also does not state any facts showing how its reliance on anything Regency said or failed to say caused any damage to Valley. As with Valley's contract cause of action, it is difficult to discern any connection between Regency's alleged misrepresentations and any injury to Valley. In short, no claim is stated for fraud or negligent misrepresentation. Because Valley has neither contended it should be given leave to amend the complaint nor otherwise suggested how it might amend the complaint to state a claim, there was no error in the trial court's ruling.

     c.    The declaratory relief claim.

Valley's complaint sought declaratory relief against Regency, alleging in paragraph 95 a controversy between Valley and Regency "with respect to the rights, obligations and duties of the parties." In the following paragraph 96, Valley contended it was "without fault, responsibility [or] blame for any of the damages that [OMG] may have suffered"; if any wrongful conduct occurred, "these acts were committed by [Regency] and not [Valley]"; and Valley was entitled to indemnity from Regency.

The trial court overruled Regency's demurrer to Valley's cause of action for declaratory relief, and later (on November 29, 2004) granted in part and denied in part Regency's motion for judgment on the pleadings with respect to the declaratory relief claim. The court ordered paragraph 96 stricken from the complaint, because Valley's counsel waived any right to indemnity at the status conference on November 29. The court otherwise denied Regency's motion, observing that its earlier demurrers to the declaratory relief claim had been overruled, and no material change in law had occurred since the ruling on the demurrers.

Shortly before trial, however, on February 23, 2005, Regency sought dismissal of the remaining claim for declaratory relief, and the trial court granted Regency's motion. The trial court pointed to Valley's pretrial report of November 24, 2004, listing causes of action and affirmative defenses, which listed its cause of action against Regency as

13

"Declaratory Relief (Indemnity)."[5]  The court noted that Valley's counsel, at the status

conference on November 29, 2004, expressly stated that  Valley was waiving any claim

for indemnity in "the first amended cross-complaint that's left."  The court continued:

"It just appears to this court that as you work your way through the history of this

litigation, there's, frankly, nothing left of the cross-complaint, and I'm inclined to dismiss

it."  Further, the court pointed out its colloquy at the final status conference on February

16, 2005, with counsel for Valley, in which it stated that "the only remaining cause of

action as of November 4, 2004 was number four for declaratory relief which is seeking

declaratory relief as to indemnification only," and Valley's counsel responded, "That is

right."  The court concluded:

> "I don't know how it can be more clear.  [T]he record is crystal
> clear that the parties in this case, Valley in particular, made a
> decision, filed papers with the court, confirmed it with the court
> orally, and that fourth cause of action [declaratory relief] is dead."

Valley contends the trial court erred, because it reversed its earlier rulings, relying

only on Valley's pretrial report and on its colloquy with counsel.  Valley states counsel

"regrets that it acquiesced" in the court's "erroneous" premise that the declaratory relief

claim was about indemnity.  Valley says counsel did so in "a moment of

_____

The parties' "joint statement of the case," also dated November 24, 2004, similarly
stated, as to Valley's cross-complaint, only that Valley "claim[s] that OMG [and]
Regency . . . are responsible for any injury OMG has suffered."

The trial court observed:  "Indeed, I was thinking of bifurcating or severing certain
parts of the case, and we were specifically told something that conformed with Valley's
pretrial report, that the dec. relief cause of action was nothing more than one for
indemnity, and to be guided by that, and this court made certain findings, and that's why
I'm inclined to grant the motion."  And, later:  "[S]hould this court and opposing counsel
not be able to, indeed, required to rely upon filings that are part of the final status
conference and which this court requires particularity as to remaining causes of action
and the basis for them, as well as counsel's statements, and we did so.  And whether or
not you've had a tactical change of heart or something else I think is really of no
moment."

14

weakness . . . induced by the Court," and counsel's statements "cannot erase the explicit factual allegations" of the complaint. According to Valley, the court "lost sight of its proper role as a neutral arbiter" and "steamroll[ed] through the desired result."

We discern no error in the trial court's ruling, which appears eminently reasonable, and no basis for Valley's untoward characterizations of the trial court's action. Nor is there any merit to Valley's contention that Regency's motion to dismiss was procedurally improper as a motion for reconsideration of the court's previous rulings overruling Regency's demurrer. Valley's submission of its pretrial statement of the issues and counsel's statements relating to the nature of Valley's declaratory relief claim — upon which the court based its dismissal of the declaratory relief claim — occurred well after Regency's demurrers were overruled. Regency's motion to dismiss was based on Valley's own characterization of the nature of the declaratory relief it sought, and therefore cannot be considered a motion for reconsideration of the demurrer ruling.

d.      The unfair competition claim.

Valley alleged a cause of action for unfair competition, asserting claims unrelated to the Oceanside and Riverside signs. Valley alleged Regency maintains and operates illegal signs that unfairly compete with Valley, and Regency obtains an unfair business advantage over Valley by erecting signs in disregard of state and local laws. Valley identified various billboards it asserted violate state and local laws regulating billboards, for example, "building billboards without permits, too close to other signs, too close to landscaped areas, and facing the wrong direction," and constructing signs "too high or in the wrong zones." Valley identified state law and municipal ordinances the signs allegedly violate, and alleged Regency has been able to earn millions of dollars in profits from the maintenance of the illegal signs. Valley further alleged it was prosecuting the

---

7       Valley asserts in its brief that "the substance of the declaratory relief claim was no less than a declaration of rights and duties regarding the contractual disputes set forth above." If that is so, Valley is not prejudiced by the dismissal of its declaratory relief claim in any event, because this court has concluded that Valley did not state a claim for breach of contract.

action on behalf of the general public, and sought injunctive relief and disgorgement of all profits Regency made from its allegedly illegal signs.

The trial court sustained Regency's demurrer to Valley's unfair competition cause of action on November 4, 2004, two days after the voters approved Proposition 64. Under Proposition 64, a private person has standing to sue under Business and Professions Code section 17200 only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition." (Bus. & Prof. Code, § 17204.) As Valley recognized in its opening brief, Proposition 64 "materially alter[ed] the viability of the claim, as pleaded," because Valley did not affirmatively plead economic injury. Accordingly, Valley has no standing to assert a claim under section 17200. (*Californians for Disability Rights v. Mervyn's* (2006) 39 Cal.4th 223, 227 [amended standing provisions apply to cases already pending when Proposition 64 took effect].) In its reply brief, Valley asserts the trial court abused its discretion because it failed to give Valley an opportunity to amend its complaint "to meet the new pleading requirement." Valley did not raise this issue in its opening brief, and therefore has waived the argument. Moreover, its reply brief merely states that illegal signs cause injury to the outdoor advertising market as a whole and to law-abiding competitors, reducing advertising revenue from and devaluing legal signs, with "concomitant loss of revenue." Valley's generalized claim of "loss of revenue" does not comply with the requirement of section 17204 that a private plaintiff may not bring an action unless it "has suffered injury in fact and has lost money or property" as a result of the unfair competition alleged. (Bus. & Prof. Code, § 17204; see *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144, 1149, 1152 [damages cannot be recovered in a section 17200 action; restitution to direct victims of unfair competition is available only if a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest].) Valley does not and cannot assert Regency has wrongfully acquired funds or property belonging to Valley, and has no standing under section 17204.

16

2.    **Valley's appeal of the award of attorney fees.**

Regency sought recovery of more than $450,000 in attorney fees, relying on paragraph 27 of the July 2002 settlement, which states:

> "In the event of any action to enforce this Agreement or interpret its terms, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with said proceeding."

Valley opposed the motion, arguing no party prevailed because it had voluntarily dismissed its cross-complaint; Regency had unclean hands, because its litigation agreement with OMG showed it paid OMG to bring the principal lawsuit; the fees were excessive; Regency failed to apportion the fees between the contract cause of action and the other four causes of action; the breach of contract action alleged breaches of two contracts, one of which had no attorney fee provision; and fees were sought for the substantially duplicative work of two law firms.

The trial court's order granting Regency's motion found none of Valley's arguments persuasive. The court found the complaint sought to interpret and enforce the July 2002 settlement and, given the nature of the litigation, the amount of attorney hours and rates charged were reasonable. The court observed that:

- Valley's contention the July 2002 settlement's attorney fee clause did not cover the dispute was contradicted by the agreement, as well as by Valley's position throughout the litigation that it was entitled to attorney fees if it prevailed.
- No "voluntary dismissal" by Valley occurred.
- The court did not find "any so-called 'unclean hands' on the part of Regency. If anything, based upon the jury's verdict in the case after Regency was dismissed, the 'unclean hands' argument could well be applied against Valley."
- The amount of attorney fees requested was not excessive. The parties to the July 2002 settlement were sophisticated businesses who routinely hired attorneys "and are frequently engaged in lawsuits, including against each other." The attorney fee clause did not place any limitation on the nature of the action which would trigger

17

attorney fees; did not limit the number of attorneys or cap their hourly rates; and did not differentiate among causes of action for the recovery of attorney fees.

- The declarations of Regency's attorneys detailed the efforts to defend Regency and prepare the case for trial, including "conducting discovery, becoming familiar with complicated facts and legal arguments, filing and defending various motions, and preparing witnesses, exhibits and other trial documents."

- The trial preparation by Regency's attorneys on the multiple causes of action "was inextricably intertwined and not subject to apportionment as Valley now argues."

On appeal, Valley asserts the trial court erred for several reasons, none of which has merit.

First, Valley contends the trial court interpreted the attorney fee clause to include non-contract causes of action without conducting an evidentiary hearing. Valley asserts that under *Hsu v. Semiconductor Systems, Inc.* (2005) 126 Cal.App.4th 1330 (*Hsu*), the court was required to conduct "an actual evidentiary hearing about the intention of the parties" with respect to the interpretation of the attorney fee clause. Valley misinterprets *Hsu*, which involved costs, not attorney fees. *Hsu* merely refused to construe an agreement "as providing a standard of 'costs' broader than the statutory definition." (*Id.* at p. 1341.) *Hsu* held that while some courts have allowed litigants by contract to define costs in a manner different from the statutory definition, recovery of the costs must be specially pleaded and proven at trial, and not awarded posttrial. (*Id.* at pp. 1341–1342.) *Hsu* has nothing to do with attorney fees. Indeed, *Hsu* expressly endorsed the principle that attorney fees and the expenses of litigation are mutually exclusive, that is, "'attorney fees do not include such costs and costs do not include attorney fees.'" (*Id.* at p. 1342, quoting *Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1626.) *Hsu*'s holding on costs is thus inapplicable to attorney fees.

Next, Valley argues the court erred in failing to apportion fees between the two separate breach of contract claims and among the non-contract causes of action, contrary to *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 (*Reynolds Metals*).

18

We disagree.  The contract provides that, in "any action to enforce this Agreement or interpret its terms," the prevailing party is entitled to fees "incurred in connection with said proceeding."  As the trial court concluded, the language does not differentiate among causes of action when it refers to the recovery of fees "in connection with said proceeding."[8]

More importantly, even if the words of the attorney fee clause were not sufficiently broad to encompass other causes of action, the trial court's finding that the work of Regency's attorneys on the multiple causes of action "was inextricably intertwined and not subject to apportionment" was entirely reasonable.  We recognize that ordinarily, when a cause of action based on a contract with an attorney fee clause is joined with other causes of action "beyond the contract," the prevailing party may recover attorney fees only as they relate to the contract action.  (*Reynolds Metals, supra*, 25 Cal.3d at p. 129.)  However, attorney fees need not be apportioned "when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."  (*Id.* at pp. 129-130.)  For example, in *Wagner v. Benson* (1980) 101 Cal.App.3d 27, 37, the holder of a note which provided for payment of attorney fees incurred to collect the balance due was entitled to attorney fees incurred in defending itself against "interrelated" allegations of fraud.  A trial court may in a proper case find claims are "inextricably intertwined" and it is "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable" time units.  (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th

---

[8]  In its opposition to Regency's motion to dismiss the declaratory relief claim, Valley interpreted the attorney fee clause in the same way Regency and the trial court construe the clause.  Valley stated that, if OMG were to lose at the trial (it did not), then Valley would have enforced its rights to the Riverside signs, and if Valley were to establish that Regency was OMG's "silent 'partner,'" Valley would seek a determination that "it has a right to reasonable attorney's fees from Regency pursuant to Paragraph 27 of the 2002 Agreement, which provides that a party thereto may 'recover its reasonable attorney's fees and costs incurred in connection' with '*any* action to enforce [that] Agreement . . . .'"

1101, 1111, internal quotations and citations omitted.)  In this case, the fraud claims Valley alleged were, in principal part, premised upon the July 2002 settlement agreement. As Valley stated in its opening brief on its appeal of the demurrer rulings, "[t]he false representations that are the subject of the [first amended cross complaint] are the representations in the contract between Regency and Valley, specifically, that Regency was transferring signs to Stephens, and had the right to do so."  And as the trial court observed: ". . . I appreciate that you [Valley] divide this case into component parts.  The case wasn't tried that way.  It certainly wasn't prepared for trial that way."  In short, if ever there were a case in which it is impracticable to separate contract and fraud claims, this is that case.[38]

Valley further argues Regency is not entitled to fees for defending Valley's breach of contract cause of action, to the extent Valley alleged breach of the 1998 MOA, because the 1998 MOA contained no attorney fee clause.  However, we cannot see how Regency's legal work on Valley's claim of breach of the 1998 MOA involving the Oceanside signs may be segregated from its work on the rest of Valley's claims.  Indeed, in its brief on appeal of the demurrer issues, Valley argues Regency did not even address the Oceanside signs or the alleged breach of the 1998 MOA in its demurrer.  In any event, the trial court apparently concluded, and we agree, the July 2002 settlement effectively subsumed the 1998 MOA.  The July 2002 settlement stated it constituted the entire and exclusive agreement between the parties "pertaining to the Action hereof," and superseded all prior written agreements "in connection with the subject matter hereof."[39]

---

[38] Even Valley's counsel stated, albeit while arguing that the thrust of Valley's case was about fraud, not breach of contract:  "It was the effort made to undermine our rights. . . . They were really not contractual claims.  The contract was the sort of soft quiet core of the whole case."

[39] In its reply brief, Valley states, without elaboration, that its claim for unfair competition has nothing to do with the contract and fraud claims.  The record is clear, however, that work on the unfair competition claim was a de minimis part of this litigation.

The "subject matter hereof" was, according to the recitals, Valley's action against Regency, which included "a Declaratory Relief action to determine the Parties' respective ownership interests . . . in those billboards identified and described in Addendum 'A,'" an attachment which clearly identifies both Oceanside signs and Riverside signs. Valley's argument that fees are not recoverable for this segment of its breach of contract cause of action is therefore without merit.

Valley argues the trial court erroneously relied on Valley's own demand for attorney fees in awarding fees to Regency, improperly applying an estoppel theory to award Regency fees. We again disagree. The trial court merely observed that Valley's position throughout the litigation contradicted the position it takes now. There is no indication the trial court held Valley was estopped from disputing the scope of the contractual fee provision. Moreover, the cases Valley cites hold that a mere allegation in a complaint that plaintiff is entitled to attorney fees is not a sufficient basis for awarding them to the opposing party if the plaintiff does not prevail. The pertinent principle is that attorney fees may not be awarded to a prevailing defendant where the plaintiff would have been unable to obtain contractual fees if plaintiff had prevailed. (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 681-682.) This was not such a case. The trial court's award was sound, as it was based on the contract and well-established legal principles, not on estoppel.

Finally, Valley contends the trial court abused its discretion by rubber-stamping Regency's fee request without regard to excessive and duplicative billing. Specifically, Valley contends the trial court failed to consider that the breach of contract claim was eliminated by the demurrer ruling on November 4, 2004, and only a relatively small portion of the fees – about $90,000 – were incurred as of that date. The single remaining declaratory relief claim, however, was founded in material part – according to Valley's own assertion – upon its rights under the July 2002 settlement. In opposing Regency's motion for judgment on the pleadings, for example, Valley told the trial court it sought "a declaration with respect to agreements between Regency and Valley," and "the declaratory relief claim is *about* the July 2002 Settlement Agreement, among other

things." The court clearly had an ample basis for rejecting the suggestion that fees relating to Valley's declaratory relief claim were unrelated to the July 2002 agreement.

### DISPOSITION

The amended judgment is affirmed.  The respondents are to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

BOLAND, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

22

# EXHIBIT  42

IRELL & MANELLA LLP
John C. Hueston (164921) (jhueston@irell.com)
Evan C. Borges (128706) (eborges@irell.com)
Carlton Morse (254106) (cmorse@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:   (949) 760-0991
Facsimile:    (949) 760-5200

Attorneys for Real Parties In
Interest/Defendants, CCRC Farms, LLC;
CCRC Farms; Anthony A. Marnell II;
Marnell Corrao Associates, Inc.; and
Focus 2000, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SILVERADO MODJESKA RECREATION AND PARKS DISTRICT, RURAL CANYONS CONSERVATION FUND, and RAY CHANDOS,<br><br>    Petitioners/Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE, BOARD OF SUPERVISORS OF ORANGE COUNTY, and DOES 1 through 20, inclusive,<br><br>    Respondents/Defendants.<br><hr>CCRC FARMS, LLC; CCRC FARMS; ANTHONY A. MARNELL II; MARNELL CORRAO ASSOCIATES, INC.; FOCUS 2000, INC., and DOES 21 through 40, inclusive,<br><br>    Real Parties In Interest/Defendants. | Case No. 37-2008-00087783-CU-WM-CTL<br><br>Assigned for all purposes to:<br>Hon. Ronald S. Prager<br>Dept. 71<br><br>Petition filed:  November 5, 2007<br>(Transferred on July 7, 2008)<br>Trial date:  February 17, 2009<br><br>Notice of Appeal filed:  May 15, 2009<br><br>**NOTICE OF ENTRY OF ORDER AND JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2097194

NOTICE OF ENTRY OF ORDER AND JUDGMENT
AWARDING ATTORNEYS' FEES AND COSTS

1        PLEASE TAKE NOTICE that on July 15, 2009, the Court entered an Order and Judgment

2   Awarding Attorneys' Fees and Costs to Real Parties in Interest CCRC Farms, LLC; Anthony A.

3   Marnell; Marnell Corrao Associates, Inc.; and Focus 2000, Inc. (the "Judgment"), a copy of which

4   is attached hereto as Exhibit A.  The Judgment provides for a judgment of $5,156.25, with interest

5   as provided by law, against Petitioners Silverado Modjeska Recreation and Parks District, Rural

6   Canyons Conservation Fund, and Ray Chandos, and a separate judgment of $352,636.25, with

7   interest as provided by law, against Petitioner Silverado Modjeska Recreation and Parks District.

8

9   Dated:  July 22, 2009                       Respectfuly submitted,

10                                   IRELL & MANELLA LLP

11

12                             By:  _____

13                                 Carlton Morse

14                                 Attorneys for Real Parties In
                                 Interest/Defendants

15                                 CCRC Farms, LLC; CCRC Farms; Anthony
                               A. Marnell II; Marnell Carrao Associates,

16                                 Inc.; and Focus 2000, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2097194

- 1 -

NOTICE OF ENTRY OF ORDER AND JUDGMENT
AWARDING ATTORNEYS' FEES AND COSTS

# Exhibit A

©COPY

1  IRELL & MANELLA LLP
   John C. Hueston (164921) (jhueston@irell.com)
2  Evan C. Borges (128706) (eborges@irell.com)
   Carlton Morse (254106) (cmorse@irell.com)
3  840 Newport Center Drive, Suite 400
   Newport Beach, California 92660-6324
4  Telephone:   (949) 760-0991
   Facsimile:   (949) 760-5200
5
   Attorneys for Real Parties In
6  Interest/Defendants, CCRC Farms, LLC;
   CCRC Farms; Anthony A. Marnell II;
7  Marnell Corrao Associates, Inc.; and
   Focus 2000, Inc.
8

F I L E D
Clerk of the Superior Court

JUL 1 5 2009

By: K SANDOVAL, Deputy

9
10       SUPERIOR COURT OF THE STATE OF CALIFORNIA

                FOR THE COUNTY OF SAN DIEGO            BY FAX
11
12  SILVERADO MODJESKA RECREATION      )   Case No. 37-2008-00087783-CU-WM-CTL
    AND PARKS DISTRICT, RURAL          )
13  CANYONS CONSERVATION FUND, and     )   Assigned for all purposes to:
    RAY CHANDOS,                       )   Hon. Ronald S. Prager
14                                     )   Dept. 71
              Petitioners/Plaintiffs,  )
15                                     )   Petition filed: November 5, 2007
          vs.                          )   (Transferred on July 7, 2008)
16                                     )   Trial date:  February 17, 2009
    COUNTY OF ORANGE, BOARD OF         )
17  SUPERVISORS OF ORANGE COUNTY, and  )
    DOES 1 through 20, inclusive,      )   [PROPOSED] ORDER AND JUDGMENT
18                                     )   AWARDING ATTORNEYS' FEES AND
              Respondents/Defendants.  )   COSTS
19                                     )
                                       )
20  CCRC FARMS, LLC; CCRC FARMS;       )
    ANTHONY A. MARNELL II; MARNELL     )
21  CORRAO ASSOCIATES, INC.; FOCUS     )
    2000, INC., and DOES 21 through 40,)
22  inclusive,                         )
                                       )
23            Real Parties In Interest/Defendants. )
                                       )
24
25
26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2090672

ORDER AND JUDGMENT
AWARDING ATTORNEYS' FEES AND COSTS

1    On November 5, 2007, Petitioners Silverado Modjeska Recreation and Parks District (the

2  "District"), Rural Canyons Conservation Fund, and Ray Chandos (collectively, "Petitioners") filed

3  a Petition for Writ of Administrative Mandamus and Complaint for Injunctive Relief (the

4  "Petition") against Respondents County of Orange and Orange County Board of Supervisors

5  ("Respondents"), and Real Parties in Interest CCRC Farms, LLC, Anthony A. Marnell II, Marnell

6  Corrao Associates, Inc., and Focus 2000, Inc. (collectively, "Real Parties").  This action was

7  captioned *Silverado Modjeska Recreation and Parks District, et al. v. County of Orange, et al.*

8  (SDSC Case No. 2008-00087783).  On March 17, 2009, this Court entered Judgment denying the

9  Petition and awarding Respondents and Real Parties their costs of suit.

10    On April 8, 2009, Real Parties filed a Memorandum of Costs, and Real Party in Interest

11  CCRC Farms, LLC ("CCRC") filed a Motion for Attorneys' Fees seeking its attorneys' fees

12  pursuant to California Code of Civil Procedure Sections 1032 and 1033.5(10) and a written

13  contract between CCRC and the District.  This Court granted CCRC's Motion for Attorneys' Fees

14  in a Minute Order dated July 7, 2009.  Therefore,

15    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

16    1.    Real Parties are entitled to an award of costs, and judgment, in the amount of

17  $5,156.25, with interest as provided by law, against Petitioners Silverado Modjeska Recreation

18  and Parks District, Rural Canyons Conservation Fund, and Ray Chandos.

19    2.    Real Parties are entitled to an award of attorneys' fees, and judgment, in the amount

20  of $352,636.25, with interest as provided by law, against Petitioner Silverado Modjeska

21  Recreation and Parks District.

22

23  Dated:  _____JUL 1 5 2009_____

24                                                    RONALD S. PRAGER

25                                                    _____
                                                     Hon. Ronald S. Prager
26                                                   Judge of the Superior Court

27

28

---

1

ORDER AND JUDGMENT
AWARDING ATTORNEYS' FEES AND COSTS

2090672

1

2

3 **PROOF OF SERVICE**

4        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400,
5 Newport Beach, California 92660-6324.

6        On July 10, 2009, I served the foregoing document described as **[PROPOSED] ORDER AND JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS** on each interested
7 party, as follows:

8 | Nicholas Chrisos, County Counsel | Frank P. Angel |
9 | Roger P. Freeman, Deputy | Angel Law |
  | Mark Servino, Deputy County Counsel | 2601 Ocean Park Blvd., Suite 205 |
  | 333 West Santa Ana Blvd., Suite 407 | Santa Monica, CA 90405-5269 |
10 | Post Office Box 1379 | Email: fangel@angellaw.com, |
  | Santa Ana, CA 92702-1379 | Telephone: (310)314-6433 |
11 | Email: mark.servino@coco.ocgov.com | Facsimile: (310)314-6434 |
  | Telephone: (714) 834- 4760 | **Attorneys for Plaintiffs/Petitioners Silverado** |
12 | Facsimile: (714) 834-2359 | **Modjeska Recreation and Parks District,** |
  | **Attorneys for Respondents County of** | **Rural** |
13 | **Orange, Board of Supervisors of Orange** |
  | **County, and Orange County Planning** |
14 | **Commission** |

15

16      [X]        (BY MAIL)  I placed a true copy of the foregoing document in a sealed
17                 envelope addressed to each interested party, as set forth above.  I placed each
                   such envelope, with postage thereon fully prepaid, for collection and mailing at
18                 Irell & Manella LLP, Newport Beach, California.  I am readily familiar with
                   Irell & Manella LLP's practice for collection and processing of correspondence
19                 for mailing with the United States Postal Service.  Under that practice, the
                   correspondence would be deposited in the United States Postal Service on that
                   same day in the ordinary course of business.
20

21      [X]        (BY ELECTRONIC MAIL)  I caused the foregoing document to be served
                   electronically by electronically mailing a true and correct copy through Irell &
22                 Manella LLP's electronic mail system to the e-mail address(es), as set forth
                   above, and the transmission was reported as complete and no error was reported.

23      Executed on ~~March~~ *July* 10, 2009, at Newport Beach, California.

24      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
25

26        Lori Hiles (lhiles@irell.COM)                          _____
              (Type or print name)                                        (Signature)
27

28

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On July 22, 2009, I served the foregoing document described as **NOTICE OF ENTRY OF ORDER AND JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS** on each interested party, as follows:

| **Attorneys for Respondents County of Orange, Board of Supervisors of Orange County, and Orange County Planning Commission** | **Attorneys for Plaintiffs/Petitioners Silverado Modjeska Recreation and Parks District, Rural Canyons Conservation Fund and Ray Chandos** |
|---|---|
| Nicholas S. Chrisos, County Counsel | |
| Roger P. Freeman, Deputy | Frank P. Angel |
| Mark Servino, Deputy County Counsel | Angel Law |
| 333 West Santa Ana Blvd., Suite 407 | 2601 Ocean Park Blvd. |
| Post Office Box 1379 | Suite 205 |
| Santa Ana, CA 92702-1379 | Santa Monica, CA 90405-5269 |
| Email: mark.servino@coco.ocgov.com | Email: fangel@angellaw.com |
| Telephone:      (714) 834- 4760 | Telephone:      (310)314-6433 |
| Facsimile:      (714) 834-2359 | Facsimile:      (310)314-6434 |

    ☒    (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

    ☒    (BY ELECTRONIC MAIL)  I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as set forth above, and the transmission was reported as complete and no error was reported.

Executed on July 22, 2009, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Lori Hiles (lhiles@irell.com) | _(signature)_ |
|---|---|
| (Type or print name) | (Signature) |

2097194.1 02

# EXHIBIT  43



THE RATE INFORMATION INCLUDED IN THIS FILING WAS
DOWNLOADED FROM THE VALEO ATTORNEY HOURLY RATES AND
FEES DATABASE.

**CONTACT INFORMATION:**
Chuck Chandler, Partner
1220 L Street NW
Suite 100
Washington, DC 20005
202.744.1980
cchandler@valeopartners.com
www.valeopartners.com



**VALEO PARTNERS**

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Dakin-Grimm, Linda | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1985 | $1,075.00 | 2011 |
| Dakin-Grimm, Linda | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1985 | $1,075.00 | 2011 |
| Dakin-Grimm, Linda | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1985 | $1,025.00 | 2010 |
| Dakin-Grimm, Linda | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1985 | $1,025.00 | 2010 |
| Dakin-Grimm, Linda | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1985 | $1,025.00 | 2010 |
| Dakin-Grimm, Linda | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1985 | $1,025.00 | 2010 |
| Adler, Douglas B | Partner | Skadden, Arps, Slate, Meagher & Flom LLP | 1978 | $995.00 | 2010 |
| Maister, Marc | Partner | Irell & Manella LLP | 1991 | $960.00 | 2010 |
| Kreller, Thomas R | Partner | Milbank, Tweed, Hadley & McCloy LLP | 1992 | $950.00 | 2010 |
| Quinn, John B. | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 1976 | $950.00 | 2010 |
| Adler, Douglas B | Partner | Skadden, Arps, Slate, Meagher & Flom LLP | 1978 | $945.00 | 2010 |
| Oshinsky, Jerold | Partner | Jenner & Block LLP | 1967 | $925.00 | 2011 |
| Pachulski, Richard M. | Partner | Pachulski Stang Ziehl & Jones LLP | 1979 | $925.00 | 2010 |
| Pachulski, Richard M. | Partner | Pachulski Stang Ziehl & Jones LLP | 1979 | $925.00 | 2010 |
| Feuer, Joel | Partner | Gibson Dunn & Crutcher LLP | 1981 | $910.00 | 2010 |
| Feuer, Joel | Partner | Gibson Dunn & Crutcher LLP | 1981 | $910.00 | 2011 |
| McNeil, Richard J. | Partner | Irell & Manella LLP | 1984 | $900.00 | 2010 |
| Perry, Daniel | Partner | Milbank, Tweed, Hadley & McCloy LLP | 2000 | $900.00 | 2011 |
| Perry, Daniel | Partner | Milbank, Tweed, Hadley & McCloy LLP | 2000 | $900.00 | 2011 |
| Perry, Daniel | Partner | Milbank, Tweed, Hadley & McCloy LLP | 2000 | $900.00 | 2011 |
| Bogdanoff, Lee R. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 1985 | $895.00 | 2010 |
| Oster, Ronald M. | Partner | Paul Hastings LLP | 1973 | $895.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Stern, David M. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 1975 | $895.00 | 2010 |
| Tuchin, Michael L. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 1990 | $895.00 | 2010 |
| Olivar, Jr., Harry | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 1989 | $890.00 | 2010 |
| Flick, Wayne | Partner | Latham & Watkins LLP | 1990 | $885.00 | 2010 |
| Timmons, Brian | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 1991 | $885.00 | 2011 |
| Timmons, Brian | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 1991 | $885.00 | 2011 |
| Feuer, Joel | Partner | Gibson Dunn & Crutcher LLP | 1981 | $875.00 | 2010 |
| Feuer, Joel | Partner | Gibson Dunn & Crutcher LLP | 1981 | $875.00 | 2010 |
| Justice, Gary L. | Partner | Gibson Dunn & Crutcher LLP | 1979 | $875.00 | 2010 |
| Grignon, Margaret M. | Partner | Reed Smith LLP | 1977 | $860.00 | 2011 |
| Seigle, Laura A. | Partner | Irell & Manella LLP | 1994 | $855.00 | 2010 |
| Ziehl, Dean A. | Partner | Pachulski Stang Ziehl & Jones LLP | 1978 | $855.00 | 2010 |
| Ziehl, Dean A. | Partner | Pachulski Stang Ziehl & Jones LLP | 1978 | $855.00 | 2010 |
| Ziehl, Dean A. | Partner | Pachulski Stang Ziehl & Jones LLP | 1978 | $855.00 | 2010 |
| Bogdanoff, Lee R. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 1985 | $850.00 | 2010 |
| Stern, David M. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 1975 | $850.00 | 2010 |
| Feuer, Joel | Partner | Gibson Dunn & Crutcher LLP | 1981 | $840.00 | 2010 |
| Fishburn, Wainwright | Partner | Cooley LLP | 1981 | $840.00 | 2011 |
| Lewis, Marjorie | Partner | Gibson Dunn & Crutcher LLP | 1979 | $840.00 | 2010 |
| Devereaux, Peter | Partner | Latham & Watkins LLP | 1985 | $835.00 | 2010 |
| Ellis, Steven A. | Partner | Proskauer Rose LLP | 1994 | $825.00 | 2011 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $825.00 | 2011 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $825.00 | 2011 |
| Orgel, Robert B. | Partner | Pachulski Stang Ziehl & Jones LLP | 1981 | $825.00 | 2010 |
| Perry, Daniel | Partner | Milbank, Tweed, Hadley & McCloy LLP | 2000 | $825.00 | 2010 |
| Perry, Daniel | Partner | Milbank, Tweed, Hadley & McCloy LLP | 2000 | $825.00 | 2010 |
| Perry, Daniel | Partner | Milbank, Tweed, Hadley & McCloy LLP | 2000 | $825.00 | 2010 |
| Richards, Jeremy V. | Partner | Pachulski Stang Ziehl & Jones LLP | 1982 | $825.00 | 2010 |
| Richards, Jeremy V. | Partner | Pachulski Stang Ziehl & Jones | 1982 | $825.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | LLP | | | |
| Richards, Jeremy V. | Partner | Pachulski Stang Ziehl & Jones LLP | 1982 | $825.00 | 2010 |
| Sun, Brian A. | Partner | Jones Day | 1979 | $825.00 | 2010 |
| Sun, Brian A. | Partner | Jones Day | 1979 | $825.00 | 2011 |
| Helm, Mark B. | Partner | Munger Tolles & Olson LLP | 1984 | $800.00 | 2010 |
| Coddon, Eve M. | Partner | Paul Hastings LLP | 1986 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $795.00 | 2010 |
| Orgel, Robert B. | Partner | Pachulski Stang Ziehl & Jones LLP | 1981 | $795.00 | 2010 |
| Bauz, N. Thane | Partner | Paul Hastings LLP | 1991 | $790.00 | 2010 |
| Shumener, Betty M. | Partner | DLA Piper | 1988 | $790.00 | 2010 |
| Heinke, Rex | Partner | Akin Gump Strauss Hauer & Feld LLP | 1975 | $785.00 | 2011 |
| Contopulos, Stephen G | Partner | Sidley Austin LLP | 1972 | $775.00 | 2011 |
| Goldich, Stanley E. | Partner | Pachulski Stang Ziehl & Jones LLP | 1980 | $775.00 | 2011 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $775.00 | 2010 |
| Richmond, Rick | Partner | Jenner & Block LLP | 1987 | $775.00 | 2011 |
| Foley, Michael J. | Partner | SNR Denton LLP | 1975 | $755.00 | 2010 |
| Barbarosh, Craig A. | Partner | Pillsbury Winthrop Shaw Pittman LLP | 1992 | $750.44 | 2010 |
| Kwuon, Janet H. | Partner | Reed Smith LLP | 1989 | $750.00 | 2011 |
| Mahoney, James E. | Partner | Pachulski Stang Ziehl & Jones LLP | 1967 | $750.00 | 2010 |
| Nasatir, Iain A.W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1991 | $750.00 | 2011 |
| Nicholas, Blair | Partner | Bernstein Litowitz | 1995 | $750.00 | 2010 |
| Quicksilver, William | Partner | Manatt Phelps & Phillips LLP | 1978 | $750.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Richmond, Rick | Partner | Jenner & Block LLP | 1987 | $750.00 | 2011 |
| Taggart, Erica | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 2001 | $750.00 | 2010 |
| Pfister, Robert J. | Associate | Simpson Thacher & Bartlett LLP | 2001 | $740.00 | 2010 |
| Taggart, Erica | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 2001 | $730.00 | 2010 |
| Contopulos, Stephen G | Partner | Sidley Austin LLP | 1972 | $725.00 | 2010 |
| Contopulos, Stephen G | Partner | Sidley Austin LLP | 1972 | $725.00 | 2010 |
| Kornfeld, Alan J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $725.00 | 2010 |
| Nasatir, Iain A.W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1991 | $725.00 | 2010 |
| Nasatir, Iain A.W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1991 | $725.00 | 2010 |
| Nasatir, Iain A.W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1991 | $725.00 | 2010 |
| Richmond, Rick | Partner | Jenner & Block LLP | 1987 | $725.00 | 2010 |
| Stickney, David R. | Partner | Bernstein Litowitz | 1996 | $725.00 | 2010 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $716.00 | 2010 |
| Barash, Martin R. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 1992 | $715.00 | 2010 |
| Bark, Brian Z. | Associate | Irell & Manella LLP | 2001 | $715.00 | 2010 |
| Emhoff, Douglas C. | Partner | Venable LLP | 1990 | $715.00 | 2010 |
| Emhoff, Douglas C. | Partner | Venable LLP | 1990 | $715.00 | 2010 |
| Vinzon, Delilah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2002 | $715.00 | 2011 |
| Vinzon, Delilah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2002 | $715.00 | 2011 |
| Zeavin, Robert A. | Partner | Manatt Phelps & Phillips LLP | | $715.00 | 2010 |
| Durrant, John S. | Associate | Paul Hastings LLP | 2001 | $705.00 | 2011 |
| Cox, Charles W. | Partner | Latham & Watkins LLP | 1992 | $700.00 | 2010 |
| Ellis, Steven A. | Partner | Sidley Austin LLP | 1994 | $700.00 | 2010 |
| Frey, Richard J. | Partner | Venable LLP | 1994 | $700.00 | 2010 |
| Olson, Steve | Partner | O'Melveny & Myers LLP | 1996 | $700.00 | 2010 |
| Williams, James C | Partner | Proskauer Rose LLP | 1980 | $700.00 | 2010 |
| Hunter, James K.T. | Partner | Pachulski Stang Ziehl & Jones LLP | 1976 | $695.00 | 2010 |
| Kahn, Steven J. | Partner | Pachulski Stang Ziehl & Jones LLP | 1977 | $695.00 | 2010 |
| Mahoney, James E. | Partner | Pachulski Stang Ziehl & Jones LLP | 1967 | $695.00 | 2010 |
| Nasatir, Iain A.W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1991 | $695.00 | 2010 |

- 4 -

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Parker, Daryl G. | Partner | Pachulski Stang Ziehl & Jones LLP | 1970 | $695.00 | 2010 |
| Parker, Daryl G. | Partner | Pachulski Stang Ziehl & Jones LLP | 1970 | $695.00 | 2010 |
| Schlesinger, Alisa | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2003 | $695.00 | 2011 |
| Schlesinger, Alisa | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2003 | $695.00 | 2011 |
| Calkins, Mary Craig | Partner | Jenner & Block LLP | 1981 | $690.00 | 2011 |
| Calkins, Mary Craig | Partner | Jenner & Block LLP | 1981 | $690.00 | 2011 |
| Olson, Steve | Partner | O'Melveny & Myers LLP | 1996 | $684.00 | 2011 |
| Greger, Michael S. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1991 | $680.00 | 2011 |
| Preonas, George E. | Partner | Seyfarth Shaw LLP | 1974 | $680.00 | 2010 |
| Goldich, Stanley E. | Partner | Pachulski Stang Ziehl & Jones LLP | 1980 | $675.00 | 2010 |
| Kirwan, R. Dewitt | Partner | Akin Gump Strauss Hauer & Feld LLP | 1970 | $675.00 | 2010 |
| Kornfeld, Linda D | Partner | Jenner & Block LLP | 1991 | $675.00 | 2011 |
| Nadolenco, John | Partner | Mayer Brown LLP | 1995 | $675.00 | 2010 |
| Nadolenco, John | Partner | Mayer Brown LLP | 1995 | $675.00 | 2011 |
| Nadolenco, John | Partner | Mayer Brown LLP | 1995 | $675.00 | 2011 |
| Nasatir, Iain A.W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1991 | $675.00 | 2010 |
| Tache, Rick | Partner | Snell & Wilmer LLP | 1989 | $675.00 | 2011 |
| Weaver, Gabriel M | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $675.00 | 2011 |
| Weaver, Gabriel M | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $675.00 | 2011 |
| Weaver, Gabriel M | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $675.00 | 2011 |
| Weaver, Gabriel M | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $675.00 | 2011 |
| Kadue, David D. | Partner | Seyfarth Shaw LLP | 1978 | $670.00 | 2010 |
| Trippitelli, Gerard A. | Partner | DLA Piper | 2000 | $666.00 | 2011 |
| Gold, Michael A. | Partner | Jeffer Mangels Butler Marmaro LLP | 1979 | $665.00 | 2011 |
| Rafatjoo, Hamid R. | Partner | Venable LLP | 1995 | $665.00 | 2011 |
| Gale, Paul L. | Partner | Troutman Sanders LLP | 1975 | $660.00 | 2011 |
| McClure, Brett | Partner | Reed Smith LLP | 2000 | $660.00 | 2010 |
| Murray, Katherine F. | Associate | Paul Hastings LLP | 2000 | $660.00 | 2010 |
| Taggart, Erica | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | 2001 | $660.00 | 2010 |
| Aguilera, Jacqueline C. | Associate | Bingham McCutchen LLP | 1993 | $650.00 | 2011 |
| Cantor, Linda F. | Partner | Pachulski Stang Ziehl & Jones | 1991 | $650.00 | 2010 |

- 5 -

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | LLP | | | |
| Fischer, Max C. | Partner | Sidley Austin LLP | 1995 | $650.00 | 2011 |
| Galler, Kirsten | Associate | Gibson Dunn & Crutcher LLP | 2003 | $650.00 | 2010 |
| Galler, Kirsten | Associate | Gibson Dunn & Crutcher LLP | 2003 | $650.00 | 2011 |
| Glowacki, Kenneth | Associate | Gibson Dunn & Crutcher LLP | 2001 | $650.00 | 2010 |
| Imoisili, Aluyah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $650.00 | 2011 |
| Imoisili, Aluyah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $650.00 | 2011 |
| Osias, David L. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1979 | $650.00 | 2010 |
| Osias, David L. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1979 | $650.00 | 2010 |
| Rafatjoo, Hamid R. | Partner | Pachulski Stang Ziehl & Jones LLP | 1995 | $650.00 | 2010 |
| Rafatjoo, Hamid R. | Partner | Pachulski Stang Ziehl & Jones LLP | 1995 | $650.00 | 2010 |
| Rafatjoo, Hamid R. | Partner | Venable LLP | 1995 | $650.00 | 2011 |
| Rafatjoo, Hamid R. | Partner | Venable LLP | 1995 | $650.00 | 2010 |
| Rafatjoo, Hamid R. | Partner | Venable LLP | 1995 | $650.00 | 2010 |
| Rafatjoo, Hamid R. | Partner | Venable LLP | 1995 | $650.00 | 2011 |
| Schulman, Janie F. | Partner | Morrison & Foerster LLP | 1987 | $650.00 | 2010 |
| Serrano, Ella R | Associate | Dewey & LeBoeuf LLP | 2003 | $650.00 | 2011 |
| Harriman, J. D. | Partner | DLA Piper | 1984 | $648.00 | 2011 |
| Harriman, J. D. | Partner | DLA Piper | 1984 | $648.00 | 2011 |
| Harriman, J. D. | Partner | DLA Piper | 1984 | $648.00 | 2011 |
| Harriman, J. D. | Partner | DLA Piper | 1984 | $648.00 | 2011 |
| Horton, Michel Y. | Partner | Morgan, Lewis & Bockius LLP | 1982 | $640.00 | 2010 |
| Horton, Michel Y. | Partner | Morgan, Lewis & Bockius LLP | 1982 | $640.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2010 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $640.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Patterson, Julie E. | Partner | Bryan Cave LLP | 1993 | $638.00 | 2011 |
| Myers, Devon | Associate | White & Case LLP | 2005 | $635.00 | 2011 |
| Rhea, Dawn M | Associate | Dewey & LeBoeuf LLP | 2007 | $635.00 | 2011 |
| Rhea, Dawn M | Associate | Dewey & LeBoeuf LLP | 2007 | $635.00 | 2011 |
| Gibbs, Thomas E. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1980 | $630.00 | 2011 |
| Gibbs, Thomas E. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1980 | $630.00 | 2011 |
| Gibbs, Thomas E. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1980 | $630.00 | 2011 |
| Gibbs, Thomas E. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1980 | $630.00 | 2011 |
| Gibbs, Thomas E. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1980 | $630.00 | 2011 |
| Lawrence, Michael S | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2006 | $630.00 | 2010 |
| Olson, Steve | Partner | O'Melveny & Myers LLP | 1996 | $630.00 | 2010 |
| Olson, Steve | Partner | O'Melveny & Myers LLP | 1996 | $630.00 | 2010 |
| Olson, Steve | Partner | O'Melveny & Myers LLP | 1996 | $630.00 | 2011 |
| Allison, Susan | Partner | Jeffer Mangels Butler Marmaro LLP | 1979 | $625.00 | 2011 |
| Dulberg, Jeffrey W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1995 | $625.00 | 2011 |
| Hochman, Harry | Partner | Pachulski Stang Ziehl & Jones LLP | 1987 | $625.00 | 2010 |
| Nadolenco, John | Partner | Mayer Brown LLP | 1995 | $625.00 | 2010 |
| Nadolenco, John | Partner | Mayer Brown LLP | 1995 | $625.00 | 2010 |
| Rhea, Dawn M | Associate | Dewey & LeBoeuf LLP | 2007 | $625.00 | 2010 |
| Rhea, Dawn M | Associate | Dewey & LeBoeuf LLP | 2007 | $625.00 | 2010 |
| Rhea, Dawn M | Associate | Dewey & LeBoeuf LLP | 2007 | $625.00 | 2011 |
| Torres, Paul M | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2005 | $625.00 | 2010 |
| Vora, Samir | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2007 | $625.00 | 2011 |
| Vora, Samir | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2007 | $625.00 | 2011 |
| Weaver, Gabriel M | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $625.00 | 2010 |
| Morgan, Nicolas | Partner | DLA Piper | 1993 | $621.00 | 2010 |
| Totino, Edward D. | Partner | DLA Piper | 1993 | $621.00 | 2010 |
| Gibbs, Thomas E. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1980 | $620.00 | 2011 |
| Greger, Michael S. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1991 | $620.00 | 2011 |
| Greger, Michael S. | Partner | Allen Matkins Leck Gamble | 1991 | $620.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | & Mallory LLP | | | |
| Greger, Michael S. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1991 | $620.00 | 2011 |
| Helyar, L. Rachel | Partner | Akin Gump Strauss Hauer & Feld LLP | 1994 | $620.00 | 2011 |
| Helyar, L. Rachel | Partner | Akin Gump Strauss Hauer & Feld LLP | 1994 | $620.00 | 2011 |
| Hernandez, Ileana M. | Partner | Manatt Phelps & Phillips LLP | 1998 | $620.00 | 2011 |
| Lerman, L. Rachael | Partner | Akin Gump Strauss Hauer & Feld LLP | 1995 | $620.00 | 2011 |
| Lerman, L. Rachael | Partner | Akin Gump Strauss Hauer & Feld LLP | 1995 | $620.00 | 2011 |
| Patterson, Julie E. | Partner | Bryan Cave LLP | 1993 | $616.00 | 2010 |
| Galler, Kirsten | Associate | Gibson Dunn & Crutcher LLP | 2003 | $615.00 | 2010 |
| Schumacher, Neil J. | Associate | Paul Hastings LLP | 2005 | $615.00 | 2011 |
| Odson, Robert J. | Partner | DLA Piper | 1992 | $611.60 | 2010 |
| Khalatian, Edgar | Associate | Paul Hastings LLP | 2003 | $610.00 | 2010 |
| Rosenfeld, Edward M. | Partner | Bryan Cave LLP | 1964 | $610.00 | 2011 |
| Rosenfeld, Edward M. | Partner | Bryan Cave LLP | 1964 | $610.00 | 2010 |
| Ransom, Rollin A | Partner | Sidley Austin LLP | 1994 | $607.50 | 2010 |
| DeLange, Timothy | Partner | Bernstein Litowitz | 1997 | $600.00 | 2010 |
| Imoisili, Aluyah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $600.00 | 2010 |
| Imoisili, Aluyah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $600.00 | 2010 |
| Imoisili, Aluyah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $600.00 | 2010 |
| Miremadi, Jennifer | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $600.00 | 2010 |
| Dulberg, Jeffrey W. | Partner | Pachulski Stang Ziehl & Jones LLP | 1995 | $595.00 | 2010 |
| Kranz, Frederick H. | Partner | Cox Castle & Nicholson LLP | 1972 | $595.00 | 2011 |
| Lawrence, Michael S | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2006 | $595.00 | 2010 |
| Pennington, James | Associate | Cooley LLP | 2004 | $595.00 | 2011 |
| Oh, Henry H. | Partner | DLA Piper | 1996 | $594.00 | 2010 |
| Arya, John D | Partner | Alston & Bird LLP | 1991 | $590.00 | 2010 |
| Arya, John D | Partner | Alston & Bird LLP | 1991 | $590.00 | 2010 |
| Cryan, Michael S. | Partner | Arent Fox LLP | 1996 | $590.00 | 2011 |
| Meer, Jon D. | Partner | Seyfarth Shaw LLP | 1989 | $590.00 | 2011 |
| Meer, Jon D. | Partner | Seyfarth Shaw LLP | 1989 | $590.00 | 2011 |
| Meer, Jon D. | Partner | Seyfarth Shaw LLP | 1989 | $590.00 | 2011 |
| Frey, Richard J. | Partner | Venable LLP | 1994 | $585.00 | 2011 |
| Scheithauer, Chris C. | Partner | McDermott Will & Emery | 1996 | $585.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | LLP | | | |
| Hernandez, Ileana M. | Partner | Manatt Phelps & Phillips LLP | 1998 | $580.00 | 2010 |
| Brandt, Gina F. | Partner | Pachulski Stang Ziehl & Jones LLP | 1976 | $575.00 | 2010 |
| Cox, David Sean | Associate | Morgan, Lewis & Bockius LLP | 1995 | $575.00 | 2010 |
| Gans, Robert | Partner | Bernstein Litowitz | 1991 | $575.00 | 2010 |
| Kranz, Frederick H. | Partner | Cox Castle & Nicholson LLP | 1972 | $575.00 | 2010 |
| Ledford, Christopher M | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2008 | $575.00 | 2010 |
| O'Hara, Lorraine H. | Partner | Seyfarth Shaw LLP | 1988 | $575.00 | 2011 |
| O'Hara, Lorraine H. | Partner | Seyfarth Shaw LLP | 1988 | $575.00 | 2011 |
| O'Hara, Lorraine H. | Partner | Seyfarth Shaw LLP | 1988 | $575.00 | 2011 |
| O'Hara, Lorraine H. | Partner | Seyfarth Shaw LLP | 1988 | $575.00 | 2011 |
| Pagay, Malhar S. | Partner | Pachulski Stang Ziehl & Jones LLP | 1997 | $575.00 | 2010 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2010 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2010 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $575.00 | 2011 |
| Schumacher, Neil J. | Associate | Paul Hastings LLP | 2005 | $575.00 | 2011 |
| Shelby, Laura Wilson | Partner | Seyfarth Shaw LLP | 1990 | $575.00 | 2011 |
| Shelby, Laura Wilson | Partner | Seyfarth Shaw LLP | 1990 | $575.00 | 2011 |
| Vora, Samir | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2007 | $575.00 | 2010 |
| Bhandari, Sanjay | Partner | Baker & McKenzie LLP | 1995 | $571.94 | 2010 |
| Mausner, Joshua O. | Associate | Latham & Watkins LLP | 2008 | $570.00 | 2011 |
| Mausner, Joshua O. | Associate | Latham & Watkins LLP | 2008 | $570.00 | 2011 |
| Meer, Jon D. | Partner | Seyfarth Shaw LLP | 1989 | $570.00 | 2010 |
| Zaro, David R. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1986 | $567.00 | 2010 |
| Cryan, Michael S. | Partner | Arent Fox LLP | 1996 | $565.00 | 2010 |
| Harlan, R.C. | Associate | Sidley Austin LLP | 2004 | $565.00 | 2011 |

- 9 -

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Mitrakos, Iris S. | Partner | Kilpatrick Townsend & Stockton LLP | 1991 | $565.00 | 2010 |
| Arjomand, Mehran | Partner | Morrison & Foerster LLP | 1995 | $562.50 | 2010 |
| Greger, Michael S. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1991 | $560.00 | 2010 |
| Hartney, Mark R. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1988 | $560.00 | 2010 |
| O'Hara, Lorraine H. | Partner | Seyfarth Shaw LLP | 1988 | $560.00 | 2010 |
| Patterson, Jeffrey R. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1986 | $560.00 | 2010 |
| Sedor, Dan | Partner | Jeffer Mangels Butler Marmaro LLP | 1988 | $560.00 | 2011 |
| Zaro, David R. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1986 | $560.00 | 2010 |
| Cryan, Michael S. | Partner | Arent Fox LLP | 1996 | $555.00 | 2010 |
| Nelson, Jennifer L. | Associate | Reed Smith LLP | 2003 | $555.00 | 2010 |
| Nelson, Jennifer L. | Associate | Reed Smith LLP | 2003 | $555.00 | 2011 |
| Begakis, Nicholas J | Associate | Paul Hastings LLP | 2007 | $550.00 | 2011 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $550.00 | 2011 |
| Imoisili, Aluyah | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2006 | $550.00 | 2010 |
| Lane, Mary D. | Partner | Pachulski Stang Ziehl & Jones LLP | 1976 | $550.00 | 2010 |
| Meeks, Michael | Partner | Buchalter Nemer | 1994 | $550.00 | 2011 |
| Miller, Donald A. | Associate | Loeb & Loeb LLP | 2003 | $550.00 | 2011 |
| Roddy, Valerie | Associate | Quinn Emanuel Urquhart & Sullivan, LLP | 2004 | $550.00 | 2010 |
| Shelby, Laura Wilson | Partner | Seyfarth Shaw LLP | 1990 | $550.00 | 2010 |
| Siegal, Charles | Partner | Munger Tolles & Olson LLP | 1976 | $550.00 | 2010 |
| Yu, Mindy M | Associate | Dewey & LeBoeuf LLP | 2008 | $550.00 | 2011 |
| Briones, Joshua | Associate | DLA Piper | 1999 | $549.00 | 2010 |
| Bernald, James | Associate | Perkins Coie LLP | 1999 | $545.00 | 2011 |
| Campbell, Robert G. | Partner | Cox Castle & Nicholson LLP | 1982 | $545.00 | 2010 |
| Chambers, Dan E. | Partner | Troutman Sanders LLP | 1991 | $545.00 | 2011 |
| Cryan, Michael S. | Partner | Arent Fox LLP | 1996 | $545.00 | 2011 |
| Regan, Colleen M. | Partner | Seyfarth Shaw LLP | 1985 | $545.00 | 2011 |
| Wisnia, Howard N. | Partner | Baker & McKenzie LLP | 1996 | $543.81 | 2010 |
| Ledford, Christopher M | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2008 | $540.00 | 2010 |
| Anderson, Leanna M. | Associate | SNR Denton LLP | 2003 | $535.00 | 2010 |
| Storms, Jr., Rick | Partner | DLA Piper | 1977 | $531.00 | 2010 |
| Moses, Cathy | Associate | Irell & Manella LLP | 2007 | $530.00 | 2010 |
| Ray, Neil | Associate | Sheppard Mullin Richter & | 2004 | $530.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | Hampton LLP | | | |
| Fatheree, III, George C | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2008 | $525.00 | 2010 |
| Forgione, Gregory P. | Associate | Jones Day | 2002 | $525.00 | 2010 |
| Lyon, Richard E. | Partner | Holland & Knight LLP | 1970 | $525.00 | 2010 |
| Rosenzweig, David | Partner | Munger Tolles & Olson LLP | 1995 | $525.00 | 2010 |
| Muldowney, Steven M. | Partner | Cox Castle & Nicholson LLP | 1995 | $520.00 | 2010 |
| Todd, Hugh S. | Partner | Gibson Dunn & Crutcher LLP | 1991 | $520.00 | 2010 |
| Tuey, Kristen M. | Associate | Latham & Watkins LLP | 2007 | $520.00 | 2011 |
| Tuey, Kristen M. | Associate | Latham & Watkins LLP | 2007 | $520.00 | 2011 |
| Tuey, Kristen M. | Associate | Latham & Watkins LLP | 2007 | $520.00 | 2011 |
| Ratner, Jennifer A. | Partner | Sidley Austin LLP | 1999 | $517.50 | 2010 |
| Ratner, Jennifer A. | Partner | Sidley Austin LLP | 1999 | $517.50 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $515.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $515.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $515.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $515.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $515.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $515.00 | 2010 |
| Cohen, Noel S. | Associate | Manatt Phelps & Phillips LLP | 2002 | $515.00 | 2010 |
| Levin, S. Drew | Associate | Latham & Watkins LLP | 2009 | $515.00 | 2011 |
| Levin, S. Drew | Associate | Latham & Watkins LLP | 2009 | $515.00 | 2011 |
| Zaveri, Deval R. | Associate | Bernstein Litowitz | 1997 | $515.00 | 2010 |
| Daybell, Donald | Associate | Orrick Herrington & Sutcliffe LLP | 2000 | $511.46 | 2010 |
| Delgado, Antonio R. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2009 | $510.00 | 2011 |
| Heller, Lior Z. | Associate | Sidley Austin LLP | 2005 | $510.00 | 2010 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius | | $510.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | LLP | | | |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Sein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | | $510.00 | 2011 |
| Pao, William K. | Associate | Jenner & Block LLP | 2007 | $505.00 | 2011 |
| Vittitoe, Danika B. | Associate | Arnold & Porter LLP | 2005 | $505.00 | 2010 |
| Vittitoe, Danika B. | Associate | Arnold & Porter LLP | 2005 | $505.00 | 2010 |
| Hix, Timothy | Partner | Seyfarth Shaw LLP | 1996 | $500.00 | 2011 |
| Hix, Timothy | Partner | Seyfarth Shaw LLP | 1996 | $500.00 | 2011 |
| Hix, Timothy | Partner | Seyfarth Shaw LLP | 1996 | $500.00 | 2011 |
| Meeks, Michael | Partner | Buchalter Nemer | 1994 | $500.00 | 2010 |
| Broccolo, Frank J. | Partner | Sidley Austin LLP | 2000 | $495.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $495.00 | 2010 |
| Heyn, Matthew C. | Partner | Klee. Turchin, Bagdanoff & Stern, LLP | 2003 | $495.00 | 2010 |
| Scheck, Matthew R. | Associate | Quinn Emanuel Urquhart & Sullivan, LLP | 2008 | $495.00 | 2011 |
| Skoumbis, Georgia | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2008 | $495.00 | 2010 |
| Stein, Christina L. | Associate | Morgan, Lewis & Bockius LLP | 2004 | $495.00 | 2010 |
| Takagi, Tricia A. | Associate | Morgan, Lewis & Bockius LLP | 2003 | $495.00 | 2010 |
| Wagner, Elissa A. | Associate | Pachulski Stang Ziehl & Jones LLP | 2001 | $495.00 | 2010 |
| Wickham, Dennis J. | Partner | Seltzer Caplan McMahon Vitek, Law Corporation | 1979 | $495.00 | 2010 |
| Chammas, Daniel B. | Partner | Venable LLP | 1999 | $490.00 | 2010 |
| Henry, Melanie N. | Associate | Crowell & Moring LLP | 2004 | $490.00 | 2011 |
| Begakis, Nicholas J | Associate | Paul Hastings LLP | 2007 | $485.00 | 2010 |
| Cho, Peter | Associate | Paul Hastings LLP | 2007 | $485.00 | 2010 |
| Full, Melanie A. | Associate | Paul Hastings LLP | 2007 | $485.00 | 2010 |
| Scollan, Francis N. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1996 | $485.00 | 2010 |
| Begakis, Nicholas J | Associate | Paul Hastings LLP | 2007 | $475.00 | 2010 |
| Brown, Gillian N. | Partner | Pachulski Stang Ziehl & Jones LLP | 1999 | $475.00 | 2010 |
| Cawdrey, Jeffrey D. | Partner | Gordon & Rees LLP | 1985 | $475.00 | 2012 |
| Cox, David Sean | Associate | Morgan, Lewis & Bockius LLP | 1995 | $475.00 | 2010 |
| Day, Taylor C. | Associate | Morgan, Lewis & Bockius LLP | 2009 | $475.00 | 2010 |
| Fromherz, Christopher | Associate | Irell & Manella LLP | 2008 | $475.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Fromherz, Christopher | Associate | Irell & Manella LLP | 2008 | $475.00 | 2010 |
| Full, Melanie A. | Associate | Paul Hastings LLP | 2007 | $475.00 | 2010 |
| Hennesay, A.Kenneth | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1997 | $475.00 | 2010 |
| Hix, Timothy | Partner | Seyfarth Shaw LLP | 1996 | $475.00 | 2010 |
| Horton, Michel Y. | Partner | | 1982 | $475.00 | 2010 |
| Michel, Hayes F. | Partner | Baker & Hostetler LLP | 1989 | $475.00 | 2011 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $475.00 | 2010 |
| Richler, Paul A. | Partner | Morgan, Lewis & Bockius LLP | 1974 | $475.00 | 2010 |
| Weldon, Elizabeth M. | Partner | Snell & Wilmer LLP | 2001 | $475.00 | 2011 |
| Adams, Franklin C. | Partner | Best Best & Krieger LLP | 1979 | $470.00 | 2010 |
| Connolly, Erin L | Partner | Alston & Bird LLP | 2001 | $470.00 | 2010 |
| Galuppo, Lynn T. | Associate | Cox Castle & Nicholson LLP | 1999 | $470.00 | 2011 |
| Huang, Kathy J. | Associate | Reed Smith LLP | 2005 | $470.00 | 2010 |
| Spurling, John | Associate | DLA Piper | 2007 | $470.00 | 2010 |
| Washington, Brian K. | Associate | Sidley Austin LLP | 2007 | $470.00 | 2010 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Wickers, IV, Alonzo | Partner | Davis Wright Tremaine LLP | 1993 | $468.00 | 2011 |
| Nguyen, James D. | Partner | Davis Wright Tremaine LLP | 1995 | $465.87 | 2011 |
| Alemi, Farnaz M | Associate | Jenner & Block LLP | 2007 | $465.00 | 2011 |
| Nguyen, James D. | Partner | Davis Wright Tremaine LLP | 1995 | $465.00 | 2011 |
| Thayer, Damon A. | Associate | Jenner & Block LLP | 2007 | $465.00 | 2011 |
| Zaletel, Ann Marie | Partner | Seyfarth Shaw LLP | 1998 | $465.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $460.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $460.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $460.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $460.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $460.00 | 2011 |
| Lin, Ashlee | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2011 | $460.00 | 2011 |
| Rusche, Timothy M. | Partner | Seyfarth Shaw LLP | 2000 | $460.00 | 2011 |
| Lin, James H. | Associate | Orrick Herrington & Sutcliffe LLP | 2003 | $456.94 | 2010 |
| Crisp, Julie D. | Associate | Latham & Watkins LLP | 2009 | $455.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Karas, Stan | Associate | Quinn Emanuel Urquhart & Sullivan, LLP | 2002 | $455.00 | 2010 |
| Kronstadt, Jessica C. | Associate | Latham & Watkins LLP | 2009 | $455.00 | 2010 |
| Wickham, Dennis J. | Partner | Seltzer Caplan McMahon Vitek, Law Corporation | 1979 | $455.00 | 2010 |
| Alaverdi, Loura | Partner | Baker & Daniels LLP | 2001 | $450.00 | 2011 |
| Dusatre-Martinez, Fanny | Associate | Milbank, Tweed, Hadley & McCloy LLP | 2009 | $450.00 | 2010 |
| Galuppo, Lynn T. | Associate | Cox Castle & Nicholson LLP | 1999 | $450.00 | 2010 |
| Kapur, Teddy M. | Associate | Pachulski Stang Ziehl & Jones LLP | 2006 | $450.00 | 2010 |
| Scollan, Francis N. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1996 | $450.00 | 2011 |
| Zaro, David R. | Partner | Allen Matkins Leck Gamble & Mallory LLP | 1986 | $450.00 | 2011 |
| Giacinti, Jr., Phillip J. | Partner | Procopio Cory Hargreaves & Savitch LLP | 1975 | $445.00 | 2010 |
| Pao, William K. | Associate | Jenner & Block LLP | 2007 | $445.00 | 2010 |
| Young, Alexandrea H. | Associate | Hunton & Williams LLP | 2004 | $440.00 | 2010 |
| Fates, Edward | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2003 | $435.00 | 2011 |
| Feldman, Rachel | Associate | White & Case LLP | 2006 | $435.00 | 2010 |
| O'Kane, IV, John J. | Associate | Paul Hastings LLP | 2009 | $435.00 | 2011 |
| Rusche, Timothy M. | Associate | Seyfarth Shaw LLP | 2000 | $435.00 | 2010 |
| Weininger, Jonathan A. | Associate | Jeffer Mangels Butler Marmaro LLP | 2001 | $435.00 | 2011 |
| Cherensky, Adam S. | Associate | Paul Hastings LLP | 2008 | $430.00 | 2010 |
| Fischbach, Ryan | Partner | Baker & Hostetler LLP | 1999 | $430.00 | 2011 |
| Goon, Stephen J. | Partner | Rutan & Tucker LLP | 1994 | $430.00 | 2010 |
| Cherensky, Adam S. | Associate | Paul Hastings LLP | 2008 | $425.00 | 2010 |
| Krasnoff, Brad | Partner | Lewis Brisbois Bisgaard & Smith LLP | 1986 | $425.00 | 2010 |
| Niborski, Michael J. | Associate | Stroock & Stroock & Lavan LLP | 1997 | $425.00 | 2010 |
| Slyngstad, Charles E. | Partner | Burke, Williams & Sorensen LLP | 1979 | $425.00 | 2011 |
| Tagvoryan, Anahit | Associate | DLA Piper | 2006 | $423.00 | 2010 |
| Cummings, Robert B | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2009 | $420.00 | 2010 |
| Hawes, Spencer | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2010 | $420.00 | 2010 |
| Hayden, Eric J. | Associate | Irell & Manella LLP | 2007 | $420.00 | 2010 |
| Rykken, Katherine A. | Associate | Latham & Watkins LLP | 2009 | $420.00 | 2011 |
| Rykken, Katherine A. | Associate | Latham & Watkins LLP | 2009 | $420.00 | 2011 |
| Schneider, Bradley R. | Associate | Munger Tolles & Olson LLP | 2004 | $420.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Steiner, Elham F. | Associate | Kilpatrick Townsend & Stockton LLP | 2001 | $420.00 | 2010 |
| Yang, Jasmin | Associate | Snell & Wilmer LLP | 2005 | $420.00 | 2011 |
| Bauer, Brian | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $415.00 | 2011 |
| Bauer, Brian R. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $415.00 | 2011 |
| Bauer, Brian R. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $415.00 | 2011 |
| Bauer, Brian R. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $415.00 | 2011 |
| Bauer, Brian R. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $415.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $415.00 | 2011 |
| Capell, Julie M. | Associate | Fulbright & Jaworski L.L.P. | 2003 | $415.00 | 2011 |
| Divencenzio, Anthony E. | Associate | Paul Hastings LLP | 2008 | $415.00 | 2010 |
| Gertz, Janet D. | Associate | Baker & McKenzie LLP | 2004 | $415.00 | 2011 |
| Kidd, Allison H. | Associate | Gibson Dunn & Crutcher LLP | 2008 | $415.00 | 2010 |
| Thayer, Damon A. | Associate | Jenner & Block LLP | 2007 | $415.00 | 2010 |
| Fischbach, Ryan | Partner | Baker & Hostetler LLP | 1999 | $411.05 | 2011 |
| Divencenzio, Anthony E. | Associate | Paul Hastings LLP | 2008 | $410.00 | 2010 |
| Fischbach, Ryan | Partner | Baker & Hostetler LLP | 1999 | $410.00 | 2010 |
| Gillinger, Amy McGinnis | Associate | Fulbright & Jaworski L.L.P. | 2005 | $410.00 | 2011 |
| Gillinger, Amy McGinnis | Associate | Fulbright & Jaworski L.L.P. | 2005 | $410.00 | 2011 |
| Gillinger, Amy McGinnis | Associate | Fulbright & Jaworski L.L.P. | 2005 | $410.00 | 2011 |
| Gillinger, Amy McGinnis | Associate | Fulbright & Jaworski L.L.P. | 2005 | $410.00 | 2011 |
| Nelson, David W. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2005 | $410.00 | 2010 |
| Mandell, Joshua | Associate | Baker Botts LLP | 2002 | $405.00 | 2010 |
| Spivak, Jeffrey A. | Associate | Reed Smith LLP | 2008 | $405.00 | 2011 |
| Kim, Yale K. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 1997 | $402.00 | 2010 |
| Delgado, Antonio R. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2009 | $400.00 | 2011 |
| Giacinti, Jr., Phillip J. | Partner | Procopio Cory Hargreaves & Savitch LLP | 1975 | $400.00 | 2010 |
| Hyun, Dennis | Associate | Seyfarth Shaw LLP | 2003 | $400.00 | 2010 |
| Kim, Raymond Y. | Associate | Reed Smith LLP | 2007 | $400.00 | 2010 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |

- 15 -

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Street, Scott J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $400.00 | 2011 |
| Lerner, Leib M | Associate | Alston & Bird LLP | 2003 | $399.50 | 2010 |
| Gertz, Janet D. | Associate | Baker & McKenzie LLP | 2004 | $395.00 | 2010 |
| Gertz, Janet D. | Associate | Baker & McKenzie LLP | 2004 | $395.00 | 2010 |
| Gertz, Janet D. | Associate | Baker & McKenzie LLP | 2004 | $395.00 | 2010 |
| Kim, Yale K. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 1997 | $395.00 | 2010 |
| Kim, Yale K. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 1997 | $395.00 | 2010 |
| Lipstone, Douglas | Partner | Buchalter Nemer | 1988 | $395.00 | 2011 |
| Lowe, Justin J. | Associate | Venable LLP | 2002 | $395.00 | 2010 |
| Passmore, Marion | Associate | Bernstein Litowitz | 2003 | $395.00 | 2010 |
| Wilcox, Rochelle L. | Partner | Davis Wright Tremaine LLP | 1998 | $391.50 | 2011 |
| Wilcox, Rochelle L. | Partner | Davis Wright Tremaine LLP | 1998 | $391.50 | 2011 |
| Wilcox, Rochelle L. | Partner | Davis Wright Tremaine LLP | 1998 | $391.50 | 2011 |
| Wilcox, Rochelle L. | Partner | Davis Wright Tremaine LLP | 1998 | $391.50 | 2011 |
| Brownstone, Justin | Associate | Quinn Emanuel Urquhart & Sullivan, LLP | 2009 | $390.00 | 2010 |
| Lee, Joshua C. | Associate | Irell & Manella LLP | 2009 | $390.00 | 2010 |
| Sank, Max | Associate | Seyfarth Shaw LLP | 2000 | $390.00 | 2011 |
| Sank, Max | Associate | Seyfarth Shaw LLP | 2000 | $390.00 | 2011 |
| Sank, Max | Associate | Seyfarth Shaw LLP | 2000 | $390.00 | 2011 |
| Sank, Max | Associate | Seyfarth Shaw LLP | 2000 | $390.00 | 2011 |
| Stiglitz, Steven B. | Associate | Blank Rome LLP | 2002 | $390.00 | 2010 |
| Zhong, Hong | Associate | Irell & Manella LLP | 2009 | $390.00 | 2010 |
| Bentz, Tamany V. | Associate | Venable LLP | 2004 | $385.00 | 2010 |
| Doherty, Jean Marie | Associate | Jenner & Block LLP | 2009 | $385.00 | 2010 |
| Jackson, Kirsten C. | Associate | Jenner & Block LLP | 2009 | $385.00 | 2011 |
| Jackson, Kirsten C. | Associate | Jenner & Block LLP | 2009 | $385.00 | 2011 |
| Jackson, Kirsten C. | Partner | Jenner & Block LLP | 2009 | $385.00 | 2011 |
| Kroeger, Paul | Associate | Jeffer Mangels Butler | 2003 | $385.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| | | Marmaro LLP | | | |
| Spelman, Kate T. | Associate | Jenner & Block LLP | 2010 | $385.00 | 2011 |
| Spelman, Kate T. | Associate | Jenner & Block LLP | 2010 | $385.00 | 2011 |
| Sank, Max | Associate | Seyfarth Shaw LLP | 2000 | $380.00 | 2010 |
| Steinbaum, Carly A. | Associate | Sidley Austin LLP | 2008 | $380.00 | 2010 |
| Graham, Elizabeth | Associate | Reed Smith LLP | 2008 | $375.00 | 2010 |
| Kim, Yale K. | Associate | Allen Matkins Leck Gamble & Mallory LLP | 1997 | $375.00 | 2010 |
| Bhandari, Sanjay | Partner | Baker & McKenzie LLP | 1995 | $372.00 | 2010 |
| Wisnia, Howard N. | Partner | Baker & McKenzie LLP | 1996 | $372.00 | 2010 |
| Brownstone, Justin | Associate | Quinn Emanuel Urquhart & Sullivan, LLP | 2009 | $370.00 | 2010 |
| Chow, Teresa C. | Associate | Baker & Hostetler LLP | 2004 | $370.00 | 2011 |
| Milligan, Robert B. | Partner | Seyfarth Shaw LLP | 2001 | $370.00 | 2010 |
| Cooper, Tara Lynn | Associate | Holland & Knight LLP | 2006 | $365.00 | 2010 |
| Fates, Edward | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2003 | $365.00 | 2010 |
| Gross, David G | Associate | Proskauer Rose LLP | 2007 | $365.00 | 2011 |
| Mendoza, Lydia M. | Associate | Manatt Phelps & Phillips LLP | 2006 | $365.00 | 2010 |
| Conolly, James R. | Associate | Arent Fox LLP | 2004 | $360.00 | 2010 |
| Cummings, Robert B | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2009 | $360.00 | 2010 |
| Hawes, Spencer | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2010 | $360.00 | 2010 |
| Holcombe, Allison B | Associate | Skadden, Arps, Slate, Meagher & Flom LLP | 2010 | $360.00 | 2010 |
| O'Kane, IV, John J. | Associate | Paul Hastings LLP | 2009 | $360.00 | 2010 |
| Richey, Carrie J. | Associate | Paul Hastings LLP | 2009 | $360.00 | 2010 |
| Sevell, Adam M. | Associate | Paul Hastings LLP | 2009 | $360.00 | 2010 |
| Veltman, Carla | Associate | Davis Wright Tremaine LLP | 2002 | $360.00 | 2010 |
| Wanner, Katy | Associate | Paul Hastings LLP | 2009 | $360.00 | 2010 |
| Baldwin, Katherine M. | Associate | Latham & Watkins LLP | 2009 | $355.00 | 2010 |
| Byun, Brian W. | Associate | Baker & McKenzie LLP | 2007 | $355.00 | 2011 |
| del Castillo, Joshua | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $355.00 | 2010 |
| del Castillo, Joshua | Associate | Allen Matkins Leck Gamble & Mallory LLP | 2005 | $355.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $355.00 | 2011 |
| Hayes, Timothy L. | Associate | Bryan Cave LLP | 1995 | $355.00 | 2011 |
| Hayes, Timothy L. | Associate | Bryan Cave LLP | 1995 | $355.00 | 2010 |
| Lin, Edward Y. | Associate | Snell & Wilmer LLP | 2006 | $355.00 | 2011 |
| Strabo, Jason D. | Associate | Venable LLP | 2006 | $355.00 | 2011 |
| Strabo, Jason D. | Associate | Venable LLP | 2006 | $355.00 | 2010 |
| Strabo, Jason D. | Associate | Venable LLP | 2006 | $355.00 | 2010 |
| Vohryzek-Griest, Ana T. | Associate | Latham & Watkins LLP | 2009 | $355.00 | 2010 |
| Chow, Teresa C. | Associate | Baker & Hostetler LLP | 2004 | $350.96 | 2011 |
| Byun, Brian W. | Associate | Baker & McKenzie LLP | 2007 | $350.00 | 2010 |
| Byun, Brian W. | Associate | Baker & McKenzie LLP | 2007 | $350.00 | 2010 |
| Chow, Teresa C. | Associate | Baker & Hostetler LLP | 2004 | $350.00 | 2010 |
| Schwartz, Eric B. | Associate | Loeb & Loeb LLP | 2009 | $350.00 | 2011 |
| Sherrill, Meghan C. | Associate | Troutman Sanders LLP | 2009 | $350.00 | 2011 |
| Stone, Devin J. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2008 | $350.00 | 2010 |
| Wada, Emily | Associate | Burke, Williams & Sorensen LLP | 2006 | $350.00 | 2011 |
| Zelkind, Boris | Partner | Knobbe Martens Olson & Bear LLP | 1994 | $350.00 | 2011 |
| Chow, Teresa C. | Associate | Baker & Hostetler LLP | 2004 | $346.62 | 2010 |
| Sullivan, Sean M. | Associate | Davis Wright Tremaine LLP | 2003 | $346.50 | 2011 |
| Sullivan, Sean M. | Associate | Davis Wright Tremaine LLP | 2003 | $346.50 | 2011 |
| Sullivan, Sean M. | Associate | Davis Wright Tremaine LLP | 2003 | $346.50 | 2011 |
| Hodas, Joshua | Associate | Jeffer Mangels Butler Marmaro LLP | 2006 | $345.00 | 2011 |
| Daruwalla, Sanaea | Associate | Burke, Williams & Sorensen LLP | 2006 | $340.00 | 2011 |
| Macklin, Alicia | Associate | Arnold & Porter LLP | 2009 | $340.00 | 2010 |
| McMonagle, Ryan O. | Associate | Arnold & Porter LLP | 2009 | $340.00 | 2010 |
| Ram, Stephen | Associate | Stradling Yocca Carlson & Rauth | 2005 | $340.00 | 2010 |
| Rubino, Michael J. | Associate | Atkinson, Andelson, Loya, Ruud & Romo | 1987 | $340.00 | 2010 |
| Sable, Daniel Rick | Associate | Seyfarth Shaw LLP | 2006 | $340.00 | 2011 |
| Sable, Daniel Rick | Associate | Seyfarth Shaw LLP | 2006 | $340.00 | 2011 |
| Sable, Daniel Rick | Associate | Seyfarth Shaw LLP | 2006 | $340.00 | 2011 |
| Sable, Daniel Rick | Associate | Seyfarth Shaw LLP | 2006 | $340.00 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Partner | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Henry, Karen A. | Associate | Davis Wright Tremaine LLP | 2004 | $337.50 | 2011 |
| Sullivan, Sean M. | Associate | Davis Wright Tremaine LLP | 2003 | $336.72 | 2011 |
| Morohunfola, Oluwafemi A. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $335.00 | 2011 |
| Morohunfola, Oluwafemi A. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $335.00 | 2011 |
| Morohunfola, Oluwafemi A. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $335.00 | 2011 |
| Morohunfola, Oluwafemi A. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $335.00 | 2011 |
| Poyer, Amy C. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $335.00 | 2011 |
| Poyer, Amy C. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $335.00 | 2011 |
| Troutman, Will | Associate | Fulbright & Jaworski L.L.P. | | $335.00 | 2010 |
| Chow, Teresa C. | Associate | Baker & Hostetler LLP | 2004 | $330.00 | 2010 |
| Insogna, Katherine W. | Associate | Reed Smith LLP | 2009 | $330.00 | 2010 |
| Townes, Joahri N. | Associate | Sidley Austin LLP | 2007 | $328.50 | 2010 |
| Wheeler, Eva M. | Associate | Sidley Austin LLP | 2008 | $328.50 | 2010 |
| Goldman, Jeffrey M. | Associate | Pepper Hamilton LLP | 2004 | $327.25 | 2011 |
| Fisher, Jason | Associate | Buchalter Nemer | | $325.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $325.00 | 2011 |
| Frasch, Brian B. | Partner | Gordon & Rees LLP | 1982 | $325.00 | 2012 |
| Jackson, Kirsten C. | Associate | Jenner & Block LLP | 2009 | $325.00 | 2010 |
| Levin, Jennifer | Associate | Venable LLP | 2007 | $325.00 | 2010 |
| Morohunfola, Oluwafemi A. | Associate | Akin Gump Strauss Hauer & Feld LLP | 2010 | $325.00 | 2011 |
| Chiu, Stephen | Associate | Quinn Emanuel Urquhart & Sullivan, LLP | 2006 | $320.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $320.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $320.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $320.00 | 2010 |
| Soofi, Rabeh | Associate | Ice Miller LLP | | $320.00 | 2011 |
| King, Nicole C. | Associate | DLA Piper | 2009 | $310.50 | 2011 |
| King, Nicole C. | Associate | DLA Piper | 2009 | $310.50 | 2011 |
| King, Nicole C. | Associate | DLA Piper | 2009 | $310.50 | 2011 |
| King, Nicole C. | Associate | DLA Piper | 2009 | $310.50 | 2011 |
| Buono, Anna R. | Associate | Davis Wright Tremaine LLP | 2004 | $310.00 | 2010 |
| Hu, Carol | Associate | Manatt Phelps & Phillips LLP | 2008 | $310.00 | 2010 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Munoz, Celina M. | Associate | Steptoe & Johnson LLP | 2009 | $310.00 | 2011 |
| Zusman, Anna R. | Associate | Davis Wright Tremaine LLP | 2004 | $310.00 | 2010 |
| Petrek, Jason K | Associate | Baker & McKenzie LLP | 2006 | $307.94 | 2010 |
| Dwyer, Carol A. | Associate | Buchalter Nemer | 2005 | $300.00 | 2011 |
| Belezzuoli, Julie | Associate | Kaye Scholer LLP | 2009 | $295.00 | 2010 |
| McLaughlin, Melissa C. | Associate | Venable LLP | 2010 | $295.00 | 2011 |
| Munoz, Celina M. | Associate | Steptoe & Johnson LLP | 2009 | $295.00 | 2010 |
| Rigali, Paul A. | Associate | Venable LLP | 2009 | $295.00 | 2011 |
| Rottenberg, Adam J | Associate | Proskauer Rose LLP | 2009 | $295.00 | 2010 |
| Rottenberg, Adam J | Associate | Proskauer Rose LLP | 2009 | $295.00 | 2010 |
| Shadoff, Andrew I. | Associate | Jeffer Mangels Butler Marmaro LLP | 2010 | $295.00 | 2011 |
| Shadoff, Andrew I. | Associate | Jeffer Mangels Butler Marmaro LLP | 2010 | $295.00 | 2011 |
| Gamliel, Amir | Associate | Perkins Coie LLP | 2009 | $292.50 | 2011 |
| Daghbandan, Natalie Boyajian | Associate | Holme Roberts & Owen LLP | 2010 | $290.00 | 2012 |
| Dwyer, Carol A. | Associate | Buchalter Nemer | 2005 | $290.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $290.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $290.00 | 2010 |
| Flahaut, M. Douglas | Associate | Arent Fox LLP | 2006 | $290.00 | 2011 |
| Silva, Daniel C. | Associate | Gordon & Rees LLP | 2009 | $285.00 | 2012 |
| Yang, Simon L. | Associate | Seyfarth Shaw LLP | 2008 | $285.00 | 2010 |
| Townes, Joahri N. | Associate | Sidley Austin LLP | 2007 | $283.50 | 2010 |
| Wheeler, Eva M. | Associate | Sidley Austin LLP | 2008 | $283.50 | 2010 |
| Kim, Christin J. | Associate | Venable LLP | 2009 | $280.00 | 2011 |
| Kim, Christin J. | Associate | Venable LLP | 2009 | $280.00 | 2010 |
| Sorosky, Schuyler B. | Associate | Venable LLP | 2009 | $280.00 | 2011 |
| Sorosky, Schuyler B. | Associate | Venable LLP | 2009 | $280.00 | 2010 |
| Sorosky, Schuyler B. | Associate | Venable LLP | 2009 | $280.00 | 2010 |
| Goldstein, Sarah Katherine | Partner | Lewis Brisbois Bisgaard & Smith LLP | 1998 | $275.00 | 2010 |
| McGlockin, Paul Z. | Associate | Atkinson, Andelson, Loya, Ruud & Romo | 2009 | $275.00 | 2011 |
| Petrek, Jason K | Associate | Baker & McKenzie LLP | 2006 | $271.00 | 2010 |
| Wurster, April M. | Associate | Baker & McKenzie LLP | 2003 | $271.00 | 2010 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |

| Attorney Name | Position | Firm | Bar Date | Actual Rate | Rate Year |
|---|---|---|---|---|---|
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Kohn, Lisa J. | Associate | Davis Wright Tremaine LLP | 2008 | $270.00 | 2011 |
| Segal, Jonathan | Associate | Davis Wright Tremaine LLP | 2009 | $270.00 | 2011 |
| Segal, Jonathan | Associate | Davis Wright Tremaine LLP | 2009 | $270.00 | 2011 |
| Segal, Jonathan | Associate | Davis Wright Tremaine LLP | 2009 | $270.00 | 2011 |
| Segal, Jonathan | Associate | Davis Wright Tremaine LLP | 2009 | $270.00 | 2011 |
| Segal, Jonathan | Associate | Davis Wright Tremaine LLP | 2009 | $270.00 | 2011 |
| Day, Taylor C. | Associate | Morgan, Lewis & Bockius LLP | 2009 | $260.00 | 2010 |
| Levy, Stephanie | Associate | Kirkland & Ellis LLP | 1998 | $245.00 | 2011 |
| Wideman, Lauren B. | Associate | Bingham McCutchen LLP | 2009 | $245.00 | 2011 |
| Spivey, Tim | Associate | Rutan & Tucker LLP | 2009 | $240.00 | 2010 |
| Squier, Erikson C. | Associate | Snell & Wilmer LLP | | $240.00 | 2011 |
| Elliot, Chrysta L | Associate | Ballard Spahr LLP | | $235.00 | 2011 |
| Ahn, Sun Hi | Associate | Atkinson, Andelson, Loya, Ruud & Romo | 2000 | $230.00 | 2010 |
| Martinez, Lindsey E. | Associate | Snell & Wilmer LLP | | $225.00 | 2011 |
| Ta, Cathy | Associate | Best Best & Krieger LLP | 2008 | $225.00 | 2010 |
| Sahatjian, Richard J | Associate | BuckleySandler LLP | 2007 | $210.00 | 2010 |
| Lovell, Mark F. | Associate | Best Best & Krieger LLP | 2006 | $200.00 | 2010 |
| Morales, Edward O. | Associate | DLA Piper | 2009 | $198.00 | 2010 |
| Hix, Timothy | Partner | Seyfarth Shaw LLP | 1996 | | 2011 |